PETER W. ALFERT, SBN 83139
HINTON, ALFERT & SUMNER
1646 N. California Blvd., Suite 600
Walnut Creek, California 94596
Telephone: (925) 932-6006
Facsimile: (925) 932-3412

TODD BOLEY, SBN 46119
476 Third Street
Oakland, CA 94607
Telephone: (510) 836-4500

Attorneys for Plaintiff
MACARIO BELEN DAGDAGAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACARIO BELEN DAGDAGAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO;<br>VALLEJO OFFICER J. WENTZ (ID#524);<br>VALLEJO OFFICER JOHN BOYD (ID#589);<br>and JAMES MELVILLE (ID#559),<br><br>Defendants. | No. 2:08-CV-00922-GEB-GGH<br><br>**FIRST AMENDED COMPLAINT**<br>**FOR DAMAGES**<br><br>[JURY DAMANDED] |

Plaintiff MACARIO BELEN DAGDAGAN alleges as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's federal law claims is founded upon 28 U.S.C. § 1331 [federal question jurisdiction] and 28 U.S.C. § 1343(a)(3) [federal civil rights jurisdiction]. All claims for violation of Plaintiff's rights under the laws and the constitution of the United States are brought pursuant to 42 U.S.C. § 1983. This court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

FIRST AMENDED COMPLAINT FOR DAMAGES      1         No. 2:08-CV-00922-GEB-GGH

2. This case arose in Solano County, California and, pursuant to Rule 3-120(d) of the Local Rules of the Eastern District of California, is being commenced in the Sacramento Division of the Eastern District.

## II. PARTIES

3. Plaintiff MACARIO BELEN DAGDAGAN ("Plaintiff") is a resident of the City of Vallejo, County of Solano, California.

4. Defendant CITY OF VALLEJO ("City") is an incorporated municipality.

5. Defendant J. WENTZ ("Wentz") is a law enforcement officer employed by the City. His police bade ID number is 524. All actions alleged herein by Wentz were taken under color of state law and in the course and scope of his employment with the City.

6. Defendant JOHN BOYD ("Boyd") is a law enforcement officer employed by the City. His police badge ID number is 589. All actions alleged herein by Boyd were taken under color of state law and in the course and scope of his employment with the City.

7. Defendant JAMES MELVILLE is a law enforcement officer employed by the City. He holds the rank of officer and has a police ID number is 559. All actions alleged herein by Melville were taken under color of state law and in the course and scope of his employment with the City.

8. At all relevant times set forth herein, all Defendants acted in concert and as the agent of one another.

## III. FACTUAL ALLEGATIONS

9. At the time of the incidents alleged herein, Plaintiff was 57 years old. He was 5 feet 7 inches tall and weighed approximately 130 pounds.

10. Late at night on June 2, 2007, at 412 Louisiana Street, Apt. 3 in Vallejo, Plaintiff was asleep in his bed when Defendants Wentz and Boyd entered his home without a warrant, entered his bedroom, found him asleep in his bed, and woke him up by shouting, pushing him and shining flashlights in his eyes. He was wearing a tee shirt and shorts and was unarmed. Defendants Wentz and Boyd are much larger than Plaintiff and were fully armed.

11. No exigent circumstances existed which would justify a warrantless entry into

1  Plaintiff's home.

2     12.   Although Plaintiff posed no threat to Defendants Wentz and Boyd, they twice fired a taser weapon at plaintiff while he was on his bed, causing him extreme pain and injury. They then handcuffed Plaintiff, took him to the living room of his home, and sat him in a chair. There, they applied unjustified and excessive force to Plaintiff at a time when he was fully restrained and posed no threat to the officers.

      13.   As a result of the force employed by Defendants Wentz and Boyd, Plaintiff sustained a torn vertebral ligament, a ruptured cervical disk, and a severe spinal cord injury. He immediately experienced lack of feeling and paralysis in his extremities.

      14.   When Plaintiff told Defendants Wentz and Boyd he was injured, they mocked him and accused him of lying. In addition, Defendants Wentz and Boyd caused Plaintiff additional injury and pain by lifting him onto his feet, even though he had suffered a severe spinal cord injury. Plaintiff could not stand and he fell to the floor.

      15.   Plaintiff insisted that he needed an ambulance and eventually one was called. Plaintiff was initially taken to Sutter Hospital, but it was determined that he needed a higher level of care. He was transferred to Stanford University Medical Center. There he underwent a diskectomy and three-level fusion of the cervical spine. He remained hospitalized for approximately three weeks.

      16.   Defendants Wentz and Boyd intentionally interfered with the provision of medical care to Plaintiff by hiding the fact that they had seriously injured Plaintiff's neck from medical personnel. Instead, they told medical personnel attending to Plaintiff that they did not know why he claimed to be injured. By their actions, Defendants Wentz and Boyd delayed the appropriate treatment of Plaintiff's very serious injuries.

      17.   Defendants Wentz and Boyd caused Plaintiff to be arrested without probable cause for making threats, exhibiting a weapon and resisting arrest. All charges were later dismissed.

      18.   Following Plaintiff's arrest, Defendant Melville prepared an application for a search warrant. The application contained intentionally or recklessly false statements and

omission of material fact. The application for a search warrant was so lacking in probable cause that Defendant Melville could not have believed that a search of Plaintiff's residence was warranted. The search was motivated by an intention to avoid police liability for plaintiff's injuries, a purpose unrelated to any legitimate law enforcement objective.

19. Defendant Melville entered Plaintiff's residence without Plaintiff's permission and searched Plaintiff's residence pursuant to a search warrant which no reasonable law enforcement officer could believe to be valid.

20. As a proximate result of Defendants' actions as alleged herein, Plaintiff suffered permanent injury. Among other symptoms, he continues to experience ongoing significant weakness in his upper left back and his shoulder/arm, as well as burning pains in his extremities.

21. As a further proximate result of Defendants' actions as alleged herein, Plaintiff is unable to return to his job as a millwright, and as a result he has suffered a past and future permanent loss of income.

22. As a further proximate result of Defendants' action as alleged herein, Plaintiff has suffered injury in the form of invasion of privacy, trespass to property, emotional distress, and physical pain and suffering. Plaintiff is informed and believes and thereon alleges that he will continue to suffer extreme mental, physical, and nervous pain and suffering in the future as a result of Defendants' actions as alleged herein.

23. As a further proximate result of Defendants' actions as alleged herein, Plaintiff has incurred and will continue to incur medical expenses.

24. As a further proximate result of his arrest, Plaintiff has incurred attorney's fees and other related damages.

25. Defendants Wentz and Boyd are guilty of malice and oppression as defined in Civil Code § 3294 in that they knew that their conduct as alleged herein was unnecessary, illegal, and likely to cause Plaintiff injury, but nonetheless intentionally and with conscious disregard of Plaintiff's safety engaged in that conduct.

///

///

26. Plaintiff has complied with all pre-filing requirements of Government Code §§ 910, et seq. Pursuant to California Government Code § 815.2(a), Defendant City is liable for the actions of Defendants Wentz, Boyd, and Melville in violation of California law as alleged herein.

### FIRST CLAIM FOR RELIEF

### (Violation of Fourth Amendment Rights, 42 U.S.C. § 1983)

27. Plaintiff incorporates and realleges by reference the foregoing paragraphs 1 through 24, inclusive, as if they were fully set forth herein.

28. Defendants Wentz and Boyd violated Plaintiff's rights under the Fourth Amendment to the United States Constitution by actions, including but not limited to:

    a. Utilizing unjustified and unreasonable force against Plaintiff or failing to prevent other officers from employing unjustified and unreasonable force against Plaintiff;

    b. Entering Plaintiff's home without a warrant and in the absence of exigent circumstances;

    c. Arresting Plaintiff without probable cause;

    d. Searching Plaintiff's home without probable cause and for purposes unrelated to legitimate law enforcement purposes; and

    e. Preparing false and/or incomplete reports, declarations and affidavits for the purpose of justifying the arrest and prosecution of Plaintiff, the search of his home, and to avoid scrutiny of the violation of Plaintiff's constitutional rights.

29. Defendants Wentz and Boyd violated Plaintiff's rights under the Due Process Clause to the Fourteenth Amendment to the United States Constitution by actions, including but not limited to:

    a. Intentionally interfering with the provision of appropriate medical care following his arrest; and

    b. Acting with deliberate indifference to Plaintiff's serious medical needs.

30. Defendant Melville violated Plaintiff's rights under the Fourth Amendment to the Fourth Amendment to the United States Constitution by actions, including but not limited to:

    c. Unreasonably preparing affidavits for the purpose of obtaining a warrant for the

search of Plaintiff's residence, and to avoid scrutiny of the violation of Plaintiff's constitutional rights; and

    d. Searching Plaintiff's home without probable cause and for purposes unrelated to legitimate law enforcement purposes.

31. Defendant City is liable, under 42 U.S.C. § 1983, for the violation of Plaintiff's constitutional rights in that:

    a. The City failed to maintain adequate policies or conduct adequate training to prevent violations of the Fourth Amendment rights of citizens. Violations such as the one inflicted on Plaintiff were an obvious risk of the procedures adopted by the City and its policymakers. The City's actions and omissions constitute deliberate indifference.

    b. The City was deliberately indifferent to the demonstrated propensity of Defendants Wentz, Boyd and Melville to violate the constitutional rights of citizens in the manner that Plaintiff's rights were violated.

32. As a proximate result of the violations alleged in paragraphs 26 and 27, Plaintiff has suffered damages as heretofore alleged.

## SECOND CLAIM FOR RELIEF

### (Violation of Constitutional Rights, California Civil Code § 52.1)

33. Plaintiff incorporates and realleges by reference the foregoing paragraphs 1 through 24 and 26 as if they were fully set forth herein.

34. The actions of Defendants Wentz, Boyd and Melville, as alleged herein, constituted interference with Plaintiff's rights under the Fourth Amendment to the United States Constitution and the Constitution and laws of the State of California by threats, intimidation, and/or coercion in violation of California Civil Code § 52.1.

35. As a proximate result of Defendants' violation of § 52.1, Plaintiff has suffered damages as alleged heretofore.

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES     6     No. 2:08-CV-00922-GEB-GGH

## THIRD CLAIM FOR RELIEF

### (Trespass)

36. Plaintiff incorporates and realleges by reference the foregoing paragraphs 1 through 24, inclusive, as if they were fully set forth herein.

37. Defendants Boyd's, Wentz's, and Melville's entry onto Plaintiff's property constituted a trespass.

38. As a proximate result of Defendants' illegal trespass, Plaintiff has suffered damages as alleged heretofore.

## FOURTH CLAIM FOR RELIEF

### (Battery)

39. Plaintiff incorporates and realleges by reference the foregoing paragraphs 1 through 24, inclusive, as if they were fully set forth herein.

40. The use of force, as alleged herein, by Defendants Wentz and Boyd against Plaintiff constituted a battery.

41. As a proximate result of Defendants' illegal battery, Plaintiff has suffered damages as alleged heretofore.

## FIFTH CLAIM FOR RELIEF

### (False Arrest)

42. Plaintiff incorporates and realleges by reference the foregoing paragraphs 1 through 24, inclusive, as if they were fully set forth herein.

43. Defendants Wentz and Boyd caused Plaintiff to be arrested without probable cause. As such, the arrest was illegal.

44. As a proximate result of Defendants' illegal arrest, Plaintiff has incurred damages as alleged heretofore.

## SIXTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

45. Plaintiff incorporates and realleges by reference the foregoing paragraphs 1 through 24, inclusive, as if they were fully set forth herein.

46. The actions of Defendants Wentz and Boyd as alleged herein were outrageous, malicious and intended to and did inflict emotional distress and humiliation upon Plaintiff.

47. As a proximate result of Defendants' intentional acts, Plaintiff has incurred damages as alleged heretofore.

## SEVENTH CLAIM FOR RELIEF

### (Negligence)

48. Plaintiff incorporates and realleges by reference the foregoing paragraphs 1 through 24, inclusive, as if they were fully set forth herein.

49. Defendants Wentz, Boyd, and Melville owed Plaintiff a duty to exercise reasonable care in their interactions with him. These Defendants failed to exercise reasonable care in their actions as alleged herein.

50. As a proximate result of Defendants' negligent acts, Plaintiff has incurred damages as alleged heretofore.

## JURY DEMAND

Plaintiff hereby demands that this matter be tried to a jury.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. Compensatory damages to Plaintiff for injury and for loss of income and earning capacity;

2. Punitive damages against Defendants Wentz, Boyd, and Melville and each of them;

3. Attorney's fees and costs; and

4. Such other and further relief as the court deems just and proper.

Dated: April 13, 2009

By _____/s/_____
Todd Boley
Attorneys for Plaintiff
MACARIO BELEN DAGDAGAN