**P O R T E R | S C O T T**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants CITY OF VALLEJO, OFFICER J. WENTZ, OFFICER JOHN BOYD, and OFFICER JAMES MELVILLE

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACARIO BELEN DAGDAGAN, | Case No.: CIV. 2:08-CV-0922-GEB GGH |
|        Plaintiffs, | |
| vs. | **DEFENDANTS' MOTION PURSUANT TO F.R.CIV.P 56(f); OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF ISSUES; COUNTERMOTION FOR SUMMARY ADJUDICATION** |
| CITY OF VALLEJO; VALLEJO OFFICER J. WENTZ (ID#524); VALLEJO OFFICER JOHN BOYD (ID # 589); and DOES 1-30, | |
|        Defendant. | |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**

00720437.WPD

# **TABLE OF CONTENTS**

I       INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II      SUMMARY OF FACTS AND ADDITIONAL UNDISPUTED
        MATERIAL  FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III     OBJECTIONS TO EVIDENCE/MOTION TO STRIKE SAME . . . . . . . . . . . . 4

IV      GOOD CAUSE EXISTS TO GRANT DEFENDANTS' MOTION
        UNDER F.R.CIV.P 56(F) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.      LEGAL STANDARD FOR SUMMARY ADJUDICATION . . . . . . . . . . . . . . 7

VI.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.      THE WARRANTLESS ENTRY DOES NOT VIOLATE
                THE FOURTH AMENDMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                1.      Defendants' Entry Did Not Violate the Fourth Amendment
                        under the Emergency Aid/community Caretaking Function
                        Doctrine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                2.      Plaintiff fails to establish the officers did not have probable
                        cause to believe a crime had occurred; Defendants definitively
                        establish probable cause to believe a crime had been committed . 11

                3.      Exigency existed to enter the apartment . . . . . . . . . . . . . . . . . . . . 14

        B.      THE QUESTIONING OF PLAINTIFF IN HIS APARTMENT DID NOT
                VIOLATE THE FOURTH AMENDMENT . . . . . . . . . . . . . . . . . . . . . . 16

        C.      PLAINTIFF FAILS TO ESTABLISH THE ARREST WAS WITHOUT
                PROBABLE CAUSE; DEFENDANTS ARE ENTITLED TO SUMMARY
                ADJUDICATION  THAT  THE  ARREST  WAS  SUPPORTED  BY
                PROBABLE CAUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        D.      INDIVIDUAL OFFICER DEFENDANTS ARE ENTITLED TO
                QUALIFIED IMMUNITY FOR THE CLAIMS UNDER
                THE FOURTH AMENDMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

                1.      Applicable Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

                2.      Applying the legal standard, the individual Officer
                        Defendants are entitled to qualified immunity because
                        there is no constitutional violation and/or the law was
                        not clearly established . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

                3.      Alternatively, Plaintiff fails to carry his burden of no
                        material fact in dispute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

VII.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

**PORTER | SCOTT**
ATTORNEYS
350 UNIVERSITY AVE, SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00722973.WPD

# TABLE OF AUTHORITIES

## Federal Court Cases

Anderson v. Creighton
   483 U.S. 635, 639 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Atwater v. City of Lago Vista
   532 U.S. 318, 354 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

Bond v. United States
   529 U.S. 334, 338 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Brosseau v. Haugen
   125 S. Ct. 596, 599 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22, 23, 24

Celotex Corp. v. Catrett,
   477 U.S. 317, 325 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Coldwell v. County of Fresno
   2009 U.S. Dist. LEXIS 8162 (E.D. Cal. 2009) . . . . . . . . . . . . . . . . . .  21

County of Sacramento v. Lewis
   523 U.S. 833, 858 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

Devenpeck v. Alford
   543 U.S. 146 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

Flippo v. West Virginia
   528 U.S. 11, 13 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Graham v. Connor
   490 U.S. 386, 395-397 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 22

Harlow v. Fitzgerald
   457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982) . . . . . . . . . . . . . .  22

Henry v. United States
   361 U.S. 98, 101 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

Hope v. Pelzer
   536 U.S. 730, 736, 153 L. Ed. 2d 666, 122 S. Ct. 2508 (2002) . . . . . . . . . . . . .  22

Hopkins v. Bonvicino
   573 F.3d 752, 764 (9th Cir. 2009) . . . . . . . . . . . . . . . . .  8, 11, 13, 15, 16

Illinois v. Gates
   462 U.S. 213, 231 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Katz v. United States
   389 U.S. 347, 357 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Malley v. Briggs
   475 U.S. 335, 341, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986) . . . . . . . . . . . . . .  23

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00722973.WPD

Martin v. City of Oceanside
    205 F. Supp. 2d 1142, 1150 (S.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 10

Minnesota v. Olson
    495 U.S. 91, 100, 109 L. Ed. 2d 85, 110 S. Ct. 1684 (1990) . . . . . . . . . . . . . 19

Payton v. New York
    445 U.S. 573, 585 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Saucier v. Katz
    533 U.S. 194, 201-02, 205 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23, 24

Schreiber v. Moe
    445 F. Supp. 2d 799, 811 (W.D. Mich. 2006) . . . . . . . . . . . . . . . . . . . . 14, 15

Scott v. United States
    436 U.S. 128, 138 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Sepatis v. City & County of San Francisco
    217 F. Supp. 2d 992, 1001 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . 19

**Appeal Cases**

Act Up!/Portland v. Bagley
    988 F.2d 868, 873 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 18

Arpin v. Santa Clara Valley Transp. Agency
    261 F.3d 912, 920 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Bingham v. City of Manhattan Beach
    341 F.3d 939, 952 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

California ex rel. Cal. Dep't of Toxic Substances v. Campbell
    138 F.3d 772, 779 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fletcher v. Clinton
    196 F.3d 41, 50 (1st Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Hopkins v. Bonvicino
    573 F.3d 752, 764 (9th Cir. 2009) . . . . . . . . . . . . . . . . . 9, 10, 13, 14, 15, 16

Larez v. Holcomb
    16 F.3d 1513, 1517–18 (9th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Manduley v. Superior Court
    27 Cal. 4th 537, 546 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Murdock v. Stout
    54 F.3d 1437, 1442 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Pacific Fruit Express Co. v. Akron, Canton & Youngstown R.R. Co.
    524 F.2d 1025, 1029-30 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

People v. Ramey
    16 Cal.3d 263 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

People v. Rocha
    (1971) 3 Cal.3d 893, 899 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

People v. Tobin
    (1956) 143 Cal. App. 2d 1, 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

People v. Ray
    21 Cal. 4th 464, 473 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

People v. Cotton
    (1980) 113 Cal.App.3d 294, 301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

People v. Green
    51 Cal. App. 4th 1433 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

People v. Higgins
    (1994) 26 Cal.App.4th 247, 253) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

People v. Quiroga
    16 Cal. App. 4th 961, 968 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Salim v. Proulx
    93 F.3d 86, 91 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Stephenson v. Doe
    332 F.3d 68, 80-81(2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Thacker v. City of Columbus
    328 F.3d 244, 253 (6th Cir. Ohio 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tierney v. Davidson
    133 F.3d 189, 196 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Cervantes
    219 F.3d 882, 889 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Martinez
    406 F.3d 1160, 1165 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Buckner
    179 F.3d 834, 837 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 18

United States v. Cervantes
    219 F.3d 882, 889 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Ingram
    151 Fed. Appx. 597, 601 (9th Cir. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . 10

United States v. McConney
    728 F.2d 1195, 1199 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

<u>Warren v. Dwyer</u>
   906 F.2d 70, 76 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

<u>Yeti by Molly Ltd v. Deckers Outdoor Corp.</u>
   259 F.3d 1101, 1106 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## **Statutes and Rules**

Cal. Pen. Code § 69 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20, 21

Cal. Pen. Code § 148 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20, 21

Cal. Pen. Code § 241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 20

Cal. Pen. Code § 242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 20

Cal. Pen. Code § 245 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 20

Cal. Pen Code § 459 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

Cal. Pen. Code § 417 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 20

Cal. Pen. Code§ 602 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Cal. Pen. Code § 836 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Cal. Pen. Code § 836(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 19

Cal. Pen. Code § 12022 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 20

California Civil Code section 52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

F.R.C.P. Rule 37c(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

F.R.C.P. Rule 26(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

F.R.C.P. Rule 56(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

Eastern District Court Local Rule 56-260(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C. Section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTER | SCOTT**
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
*www.porterscott.com*

00722973.WPD

Defendants[1] CITY OF VALLEJO, WENTZ, BOYD and MELVILLE (collectively "Defendants") hereby move for dismissal or continuance pursuant to F.R.Civ. P. 56(f), or in the alternative oppose the motion, and/or move for summary adjudication of the issues raised in Plaintiff's motion, and submit the following memorandum of points and authorities in support.

## I.

## INTRODUCTION

In support of his motion, Plaintiff has included declarations of two witnesses who have not been previously identified, and photographs which not been previously disclosed in either Plaintiff's Rule 26 disclosure or responses to discovery. Accordingly, this evidence should be stricken. In addition, despite numerous attempts, Defendants have been unable to complete the deposition of two key witnesses. Accordingly, the failure to disclose and/or the incomplete depositions constitute good cause to grant dismiss or continue the motion pursuant to F.R.Civ.P 56(f) ("Rule 56(f)") in order to complete discovery and properly oppose the motion.

Assuming arguendo the court does not strike the offending evidence and/or denies the Rule 56(f) motion, Defendants oppose the motion and/or move for summary adjudication on the grounds that Plaintiff fails to establish the entry into the residence and arrest of Plaintiff violates the Fourth Amendment as a matter of law. To the contrary, Defendants contend the entry and arrest do not violate the Fourth Amendment as a matter of law. Alternatively, Defendants contend that Plaintiff presents facts which are internally contradictory, or omits key material facts, now supplemented, thereby creating a triable issues of fact precluding summary adjudication.

/ / /

/ / /

---

[1]Plaintiff moves for summary adjudication as against WENTZ and BOYD only.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL. 916. 929.1481
FAX. 916. 927.3706
www.porterscott.com
00720437.WPD

## II.

## SUMMARY OF FACTS AND ADDITIONAL
## UNDISPUTED MATERIAL FACTS

While Plaintiff omits certain material facts, Plaintiff presents as undisputed facts excerpts of testimony of Officer Boyd and Wentz (Plaintiff's Separate Statement of Undisputed Material Facts ("UMF") Nos. 1-72), leading up the arrest of Plaintiff.[2]  Largely undisputed, Defendants hereby summarize those facts, except to submit additional facts Defendants contend are material:  Plaintiff was described as Gina Kearney's "sugar daddy," such that their relationship was described as boyfriend/girlfriend.  (Defendants' Additional Undisputed Material facts, AUMF, No. 1).  Gina Kearney called the Vallejo Police on June 2, 2007, to report an assault on her with a meat cleaver by Plaintiff.  (AUMF No. 2).  At approximately 2300 hours, Vallejo Police Officers Wentz and Boyd were dispatched to respond to this call.  (AUMF No. 3).

The officers first responded to Kearny's residence at 1029 Santa Clara Street, Vallejo.  She reported she attempted to retrieve her car from Plaintiff at his residence at 420 Louisiana Street.  She reported Plaintiff had been drinking, grabbed a meat cleaver, grabbed her hair, slammed her into the wall several times and threatened to kill her.  (AUMF No. 4).  Plaintiff admitted to drinking throughout the afternoon.  (AUMF No. 5).  Plaintiff claimed the fight started when he forgot to pay her phone bill from his own monies as promised earlier.  (AUMF No. 6).  Kearney screamed for the downstairs manager, Beverly Good, who arrived and apparently intervened.  (AUMF No. 7).  Kearny reported "tossing the cleaver" to Beverly Good, following which the fight broke up.  Once Good arrived, Kearny left.   The officers observed Kearny appeared upset, tearful, and her hands were shaking, and complained of her head hurting.  (AUMF No. 8).

/ / /

---

[2]Defendants contend the other UMF Nos. 73-82, 84-85, are irrelevant and immaterial to the motion, and move to strike these extraneous facts.  See section III, below.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00720437.WPD

Officers Boyd and Wentz went to 420 Louisiana Street, Apt. E, Vallejo and found the front door open, lights on, rice strewn about. The stove[3] was on. (AUMF No. 9) Officers announced the presence of police, but there was no response. Intending to check for victims and/or injured parties, the officers entered the residence. (AUMF No. 10). Officer Wentz turned the oven off.  (AUMF No. 11).

Moving into the bedroom, they found Plaintiff laying on the bed covered with a blanket. The officers removed the blanket and attempted to rouse him.  His identity was confirmed as Dagdagan.  Plaintiff was immediately verbally aggressive and agitated. (AUMF No. 12).  Dagdagan was observed with signs of alcohol intoxication, including slurred speech, bloodshot eyes and a strong odor of alcohol. (AUMF No. 13).

Dagdagan did not outwardly appear injured. (AUMF No. 14). Officer Boyd explained Kearney alleged an assault and requested to hear Dagdagan's side of the story.  (AUMF No. 15).  Dagdagan did not cooperate or respond directly to questioning. (AUMF No. 16). Rather, he told the officers to "fuck off" and rolled over as if to go back to sleep, as well as covering himself with a blanket. (AUMF No. 17).  Officers made repeated attempts to get Plaintiff to cooperate and answer questions. (AUMF No. 18).  Plaintiff refused, called Kearney a liar, telling officers to "get the fuck out of my house." (AUMF No. 19).

Officer Wentz displayed his taser and warned Dagdagan multiple times that he would get tazed if he did not cooperate. (AUMF No. 20). Deciding to place Dagdagan under arrest, they requested him to put his hands behind his back, but he did not comply. (AUMF No. 21). Once tazed, Dagdagan sat straight up as if the taser had no effect and refused to place his hands behind his back. (AUMF No. 22). After the second deployment of the tazer, Officer Boyd moved in and placed Dagdagan in handcuffs.

Officer Wentz notified dispatch that a taser had been deployed, and requested

---

[3]Plaintiff presents evidence that officer referenced the stove as gas, while at the same time, contradicts this testimony with affidavits of previously-undisclosed witnesses Donald Miller and Mark Houlihan, that the stove was electric, nor could be seen from the threshold of the door to the apartment. Defendants contend this evidence should be stricken, and/or serves as partial grounds for their Rule 56(f) motion. See Sections III and IV, infra.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

1  paramedics and a supervisor to respond. Dagdagan complained his neck was broken and was

2  immediately transported to Sutter Solano Medical Center via ambulance.

### III.

### OBJECTIONS TO EVIDENCE/MOTION TO STRIKE SAME

5      Although Plaintiff references his own testimony (Plaintiff's Motion p. 6:9-7:10),

6  Plaintiff does not list present them as undisputed facts, nor appear to rely on them in support

7  of the motion. Accordingly, Defendants request the references to such testimony be stricken

8  or not considered.

9      Plaintiff also presents as undisputed material facts additional facts which are

10 immaterial to the motion, UMF Nos. 73-82, 84-85. In particular, the facts presented in UMF

11 Nos 73-82, 84-85 are related to post-arrest events which bear no relation to the entry or arrest

12 of Plaintiff, the issues in the motion. Accordingly, such UMFs are in violation of Local Rule

13 56-260(f), because they are irrelevant and immaterial. Nor does Plaintiff appear to rely on

14 those facts in the body of the motion. Defendants therefore move to strike same and/or

15 request they not be considered.

16     Defendants also object and move to strike the Declarations of Donald Miller, UMFs

17 No. 90-96, and Mark Houlihan, UMFs. No. 96-99, with exhibits, not previously disclosed

18 pursuant to F.R.C.P. Rule 37c(1), for Plaintiff's failure to disclose, either pursuant to Rule

19 26 of the Federal Rules of Civil Procedure or in response to written discovery, the identities

20 of those who filed declarations as witnesses having discoverable evidence prior to the filing

21 of the motion for summary judgment. (See Exhibits A, Plaintiff's Rule 26 Disclosure and

22 B, Plaintiff's response to Special Interrogatories, attached to Declaration of John R.

23 Whitefleet ("Dec of JRW.") )

24     Rule 26(a) requires that a "party must, without awaiting a discovery request, provide

25 to the other parties: (i) the name and, if known, the address and telephone number of each

26 individual likely to have discoverable information." Likewise, Plaintiff is required to

27 identify documents he intends to use to support the defense. F.R.Civ. P 26(a)(ii). Pursuant

28 to Rule 37c(1), "If a party fails to provide information or identify a witness as required by

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00720437.WPD

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**
- 4 -

1   Rule 26(a) or (e), the party is not allowed to use that information or witness to supply

2   evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified

3   or is harmless." "This automatic sanction provides a strong inducement for disclosure of

4   material that the disclosing party would expect to use as evidence, whether at a trial, at a

5   hearing, or on a motion, such as one under Rule 56." Fed. R. Civ. P. 37(c)(1) advisory

6   committee's note (1993). "Even absent a showing in the record of bad faith or willfulness,

7   exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements

8   of Rule 26(a)." <u>Yeti by Molly Ltd v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir.

9   2001).

10       Here, the individuals Donald Miller, UMFs No. 90-96, and Mark Houlihan, UMFs.

11   No. 96-99, with exhibits, were not identified or disclosed in Plaintiff's Rule 26 Disclosure

12   or Plaintiff's response to Special Interrogatories. (Dec. of JRW) Plaintiff did not produce

13   the exhibits in any prior production.   (Dec. of JRW).  Plaintiff has not supplemented or

14   amended responses to discovery or provided supplemental Rule 26 disclosures.  (Dec. of

15   JRW).

16       Therefore, the Declarations of Donald Miller, UMFs No. 90-96, and Mark Houlihan,

17   UMFs. No. 96-99, with exhibits, not previously disclosed should be stricken or not

18   considered.

19   **IV.**

20   **GOOD CAUSE EXISTS TO GRANT DEFENDANTS' MOTION UNDER**
**F.R.CIV.P 56(F)**

21

22       Assuming arguendo the court does not strike the Declarations of Donald Miller,

23   UMFs No. 90-96, and Mark Houlihan, UMFs. No. 96-99, with exhibits, Defendants

24   alternatively seek to dismiss or continue on those grounds, as well as additional grounds,

25   pursuant to Rule 56(f).

26       Rule 56(f) states that "[s]hould it appear from the affidavits of a party opposing [a]

27   motion [for summary judgment] that the party cannot for reasons stated present by affidavit

28   facts essential to justify the party's opposition, the court may refuse the application for

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00720437.WPD

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**
- 5 -

1   judgment or may order a continuance to permit affidavits to be obtained or depositions to be

2   taken or discovery to be had or may make such other order as is just." Thus, a party may

3   request a continuance under Rule 56(f), submitted in conjunction with its opposition to the

4   motion for judgment.  California ex rel. Cal. Dep't of Toxic Substances v. Campbell, 138

5   F.3d 772, 779 (9th Cir. 1998); see FRCP 56, subds. (e) and (f). The request for a continuance

6   should identify any specific extant facts that would overcome Defendant's motion for

7   summary judgment, that further discovery would reveal those facts, why those facts would

8   preclude summary judgment/adjudication of Plaintiff's claims.

9        Here, discovery has not closed, and does not close under the current scheduling order

10  until November 25, 2009. Defendants first contend the failure of Plaintiff to identify Donald

11  Miller, or Mark Houlihan as witnesses warrants the dismissal of the motion without prejudice

12  or continuation. (Dec. of JRW). Defendants also submit that the photographs attached to the

13  declaration of Mark Houlihan were not previously disclosed prior to the filing of Plaintiff's

14  motion for summary adjudication. (Dec. of JRW).   Donald Miller essentially claims there

15  never was a gas stove in Plaintiff's apartment, in contradiction to the officer's testimony that

16  he observed the "gas" burner on the stove on in the kitchen. (Dec. of JRW). Mr. Miller also

17  provides testimony that the door is the "only" way to ingress/egress the apartment. Mark

18  Houlihan apparently took pictures and made observations after the incident, and based

19  thereon, opines[4] one cannot see the burners from the entryway of the apartment, in apparent

20  contradiction that the stove was observed by the officers before entering the apartment at the

21  time of the incident. (Dec. of JRW; Plaintiff's Motion, p.12:26-31:1). Clearly, Plaintiff

22  presents such testimony in an effort to place the observations of the officers in question, upon

23  which Plaintiff appears to rely, could create a triable issue of fact as to what the officers

24  observed prior to entering the residence.[5] Defendants have been precluded from exploring

25  _____

26      [4]Defendants also note Mr. Houlihan has not been disclosed as an expert witness and provided

27  no Rule 26 expert report.

28      [5]Defendants alternatively contend these facts, by and of themselves, create a triable issue,
     assuming they are not stricken.  See Section VII, below.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com
00720437.WPD

DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION
- 6 -

1   this evidence by the failure of Plaintiff to disclose same.  On these bases alone, Defendants

2   request the motion be denied without prejudice and/or hearing continued to allow Defendant

3   to complete the deposition of these witnesses, to explore the foundation for their statements.

4          In addition, Defendants have been attempting without success to serve Gina Kearney

5   to complete her deposition.  (Dec. of JRW; Declaration of Dawn Lairamore).  Likewise, Paul

6   Turner, identified by Beverly Good as a witness to the officers' entrance to the apartment was

7   subpoened but failed to appear.   (Dec. of JRW).  Defendants believe court intervention is

8   likely required to complete these depositions.  Defendants believe Gina Kearney will testify

9   regarding the nature of her relationship to Plaintiff, the underlying assault and her injuries

10  by Dagdagan, which goes to the exigency of the need of the officers to enter the apartment,

11  as well as the probable cause to arrest.  (Id.)  Defendants believe Paul Turner, co-manager

12  of the apartment complex with Beverly Good, may have heard or witnessed officers enter the

13  apartment, according to Ms. Good.   (Id.)    Accordingly, Mr. Turner may provide

14  corroborating (or contradictory) evidence as to what the officers observed prior to entering.

15  (Id.)  On these additional bases, Defendants request the motion be denied without prejudice

16  and/or hearing continued to allow Defendant to complete the deposition of these witnesses

17  in order to oppose the motion for summary judgment.

18                                            V.

19             **LEGAL STANDARD FOR SUMMARY ADJUDICATION**

20         Summary judgment eliminates the need for a trial where there is no genuine issue as

21  to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.

22  Civ. P. 56c.  The Court may grant summary adjudication on a particular claim, defense, or

23  issue under the same standards used to consider a summary judgment motion.  See Fed. R.

24  Civ. P. 56(a) and (b); Pacific Fruit Express Co. v. Akron, Canton & Youngstown R.R. Co.,

25  524 F.2d 1025, 1029-30 (9th Cir. 1975).  The moving party is required to present evidence

26  on matters in which lies the burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 325

27  (1986).

28

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**

00720437.WPD                    - 7 -

# VI.

# ARGUMENT

## A. THE WARRANTLESS ENTRY DOES NOT VIOLATE THE FOURTH AMENDMENT

Plaintiff moves for summary adjudication as to the warrantless entry of the residence as violative of the Fourth Amendment pursuant to 42 U.S.C. Section 1983 and California Civil Code section 52.1 as a matter of law.  Defendants oppose the motion, and  respectfully submit the undisputed facts (and Defendants' additional undisputed facts) establish summary adjudication should be granted in favor of Defendants because their actions were justified under the emergency/community care function and/or there existed probable cause to believe a crime had been committed and Defendants officers reasonably believed exigent circumstances existed to check for suspects and/or injured parties.

The Supreme Court has articulated that "because the Fourth Amendment's ultimate touchstone is 'reasonableness,' the warrant requirement is subject to certain exceptions." Flippo v. West Virginia, 528 U.S. 11, 13 (1999)(per curiam); Katz v. United States, 389 U.S. 347, 357 (1967). When analyzing the exceptions, the courts look at the actions of a peace officer to determine whether they are "reasonable" under the Fourth Amendment, regardless of the officer's state of mind, as long as the circumstances, viewed objectively, justify the action.  Scott v. United States, 436 U.S. 128, 138 (1978).  To reiterate, the officer's subjective motivation is irrelevant. Bond v. United States, 529 U.S. 334, 338, n.2 (2000); Graham v. Connor, 490 U.S. 386, 395-397 (1989). The "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving." Id. at 396-397.

Plaintiff correctly notes an exception to the warrant requirement is where law enforcement there is an emergency, or have probable cause to believe a crime has been committed and exigent circumstances exist whereby the officers "have an objectively reasonable basis for concluding that there is an immediate need to protect others or themselves from serious harm." Hopkins v. Bonvicino, 573 F.3d 752, 764 (9th Cir. 2009).

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE. SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**
- 8 -

00720437.WPD

1   The burden is on the plaintiff to prove that an asserted exception to the warrant requirement

2   does not apply.  Larez v. Holcomb, 16 F.3d 1513, 1517–18 (9th Cir.1994).

3        Furthermore, state law is relevant in analyzing the reasonableness of police activities

4   under the Fourth Amendment.  Tenn. v. Garner, 471 U.S. 1, 15-16 (1985)  A meat cleaver

5   is considered a deadly weapon.  See e.g. People v. Tobin, (1956) 143 Cal. App. 2d 1, 11.

6   Even displaying a meat cleaver in a threatening manner is unlawful brandishing, a

7   misdemeanor.  Cal. Pen. Code section 417.

8        An assault is an attempt to commit a battery.  People v. Cotton (1980) 113 Cal.App.3d

9   294, 301; Cal. Pen. Code section 241 (any person who unlawfully attempts, coupled with the

10  present ability, to commit violent injury to a person is guilty of an assault).  The willful and

11  unlawful use of force or violence upon the person of another is a battery.  Cal. Pen. Code

12  section 242.  Assault with a deadly weapon is termed a "general intent" crime in that there

13  must be the general intent to willfully commit a battery, an act which has the direct, natural

14  and probable consequences, if successfully completed, of causing injury to another. (Id.;

15  People v. Rocha (1971) 3 Cal.3d 893, 899; Cal. Pen. Code section 245 (any person who

16  commits an assault upon the person of another with a deadly weapon or instrument other than

17  a firearm or by any means of force likely to produce great bodily injury is guilty of assault

18  with a deadly weapon); See also Cal. Pen. Code section 12022 (commission of felony with

19  deadly weapon).   When the assault/battery with a deadly weapon is by means of force likely

20  to produce great bodily injury, such are charged as felonies.  See e.g. Manduley v. Superior

21  Court, 27 Cal. 4th 537, 546 (2002).   In addition, a person who unlawful enters private

22  property is guilty of trespass, a misdemeanor.  Cal. Pen. Code section 602. Any person who

23  enters an apartment with intent to commit grand or petit larceny or any felony is guilty of

24  felony burglary.  Cal. Pen. Code section 459.

25  / / /

26  / / /

27  / / /

28  / / /

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE, SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00720437.WPD

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**
- 9 -

## 1.   Defendants' Entry Did Not Violate the Fourth Amendment under the Emergency Aid/community Caretaking Function Doctrine

Defendants first submit the entry was separately[6] warranted under the emergency aid exception, which is accepted by the Ninth Circuit, that an officer may enter a dwelling to give emergency assistance to a person whom they reasonably believe to be in distress. See, e.g., United States v. Cervantes, 219 F.3d 882, 889 (9th Cir. 2000).   Under this doctrine, circumstances short of a perceived emergency may justify a warrantless entry, including the protection of property, as "where the police reasonably believe that the premises have recently been or are being burglarized." People v. Ray, 21 Cal. 4th 464, 473 (1999) Thus, the reasonable suspicion must be of need, not criminal activity. See e.g. United States v. Ingram, 151 Fed. Appx. 597, 601 (9th Cir. Cal. 2005) citing Ray.

"There are three requirements for meeting the emergency aid exception: (1) the police had 'reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property;' (2) the 'search must not be primarily motivated by intent to arrest and seize evidence;' and (3) there was a 'reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched. Martin v. City of Oceanside, 205 F. Supp. 2d 1142, 1150 (S.D. Cal. 2002), quoting Cervantes, supra, 219 F.3d at 889-890.

Here, there was probable cause to believe a burglary had occurred by the open door late at night, signs of a struggle, light on, stove on, no response, at Plaintiff's apartment. The officers are not required to assume these observable facts are associated with the reported assault versus a trespass or burglary having just occurred.   As set forth by Plaintiff, the officers were not motivated by arrest or seizing evidence. (UMF Nos. 12-14).   Lastly, the report of the meat cleaver, that Plaintiff was drinking, signs of a struggle would lead any reasonable officer to believe there could be injured parties inside the residence.

---

[6]Plaintiff appears to improperly combine his analysis of exigency and emergency doctrine; Defendants submit they are separate analyses as noted in Hopkins, 573 F.3d at 763-766; People v. Ray, 21 Cal. 4th 464, 471 (1999) ("the emergency aid doctrine is not a subcategory of the exigent circumstances exception to the warrant requirement.")

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00720437.WPD

DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION
- 10 -

1    This situation presented is akin to those involving domestic violence, which are

2    "particularly well-suited for an application of the emergency doctrine" because "violence

3    may be lurking and explode with little warning." <u>Fletcher v. Clinton</u>, 196 F.3d 41, 50 (1st

4    Cir. 1999); <u>People v. Higgins</u> (1994) 26 Cal.App.4th 247, 253.) (Police officers responding

5    to a domestic violence report "have a duty to ensure the present and continued safety and

6    well-being of the occupants.")  It has been well accepted that law enforcement officers may

7    enter a home without a warrant when it appears that the occupant may have injured himself

8    or others. See <u>Tierney v. Davidson</u>, 133 F.3d 189, 196 (2d Cir. 1998) (noting courts "have

9    accorded great latitude to an officer's belief that warrantless entry was justified by exigent

10   circumstances when the officer had substantial reason to believe that one of the parties to the

11   dispute was in danger."); See also <u>United States v. Martinez</u>, 406 F.3d 1160, 1165 (9th Cir.

12   2005) (finding the immediate need for his assistance for the protection of life or property to

13   enter, when an officer responded to an interrupted 911 call, he observed a crying woman in

14   the front yard and heard continued angry yelling from the interior of the house.)

15   　　On this basis, Defendants submit the Fourth Amendment was not offended by the

16   entry into the apartment and summary adjudication should be denied to Plaintiff, and granted

17   in favor of Defendants.

18   **2.    Plaintiff fails to establish the officers did not have probable cause to believe a crime had occurred; Defendants definitively establish probable**

19   **cause to believe a crime had been committed.**

20   　　Defendants alternatively contend there was probable cause and exigent circumstances

21   warranting the entry.  The first step in the analysis is whether there existed probable cause

22   to believe a crime had been committed.  Probable cause is a practical, common sense

23   decision requiring a reasonable belief evaluated in light of the officers' experience and a

24   practical consideration of every day life.  <u>Illinois v. Gates</u>, 462 U.S. 213, 231 (1983).

25   Probable cause requires only a fair probability or substantial chance of criminal activity, not

26   an actual showing that such activity occurred. <u>Id</u>  Whether a reasonable officer could have

27   believed probable cause existed is "an essentially legal question" that should be determined

28   by the District Court at the earliest possible point in the litigation. <u>Act Up!/Portland v.</u>

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**
- 11 -
00720437.WPD

1   <u>Bagley</u>, 988 F.2d 868, 873 (9th Cir. 1993). "Probable cause exists when, under the totality

2   of the circumstances known to the arresting officers, a prudent person would have concluded

3   that there was a fair probability that [the suspect] had committed a crime." <u>United States v.</u>

4   <u>Buckner</u>, 179 F.3d 834, 837 (9th Cir. 1999).

5        Here, Defendants submit that the undisputed facts establish there was probable cause

6   to believe a crime had occurred prior to the entrance of the apartment.   Defendant officers

7   received a call of an assault with a meat cleaver that had occurred in Dagdagan's apartment

8   earlier in the evening.  This was confirmed by the interview of Gina Kearney.  She was upset,

9   shaking, tearful, and explained how she feared for life, that Dagdagan grabbed her, and

10  threatened her with the cleaver. Moreover, the apparent assault/battery appeared to be further

11  confirmed by the observations of open door to an apartment not soon after the report, light

12  on inside, food on the floor, the stove on, and no response to announcements by police.

13  Defendants submit these facts by and of themselves are sufficient probable cause to believe

14  violation of California Penal Code sections 241, 242, 245, 417, 12022, as either a

15  misdemeanors or felonies had occurred.  On these bases, Defendants submit that this alone

16  creates sufficient probable cause to believe a crime had been committed.

17       In addition, notwithstanding the call and Kearney's statements, the officers observed

18  at night, an open door to an apartment, light on inside, food on the floor, the stove on, and

19  no response to announcements by police, clearly indicia of a sign of an unlawful entrance,

20  e.g. potential trespass under California Penal Code section 602, or felony burglary under

21  California Penal Code section 459.  On this additional basis, Defendants submit that these

22  additional facts alone create sufficient probable cause to believe a trespass and/or burglary

23  had been committed prior to the entry of the apartment.  Therefore, summary adjudication

24  in favor of Plaintiff should be denied, and granted in favor of Defendants.

25       Plaintiff does not appear to wholly analyze whether there the officers had probable

26  cause to believe a crime been committed.   Rather, Plaintiff dismissively concludes there

27  was no probable cause to enter the apartment because the officers only had the "citizen

28  witness" statement that she was a victim of a crime, without "further investigation" relying

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE, SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**
- 12 -
00720437.WPD

1  on Hopkins, supra, citing Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 920

2  (9th Cir. 2001).  Plaintiff mis-cites those cases, short cuts the required analysis, and/or

3  Hopkins and Arpin are otherwise distinguishable.

4      The court in Hopkins noted that "the only crime for which [the officers] can claim to

5  have had probable cause...is driving under the influence of alcohol" in violation of California

6  Vehicle Code section 23152.  Hopkins, 573 F.3d at 767.  In easily rejecting probable cause

7  *of that crime*, the court noted that there was only a misdemeanor traffic accident and vague

8  and unverified statement by an apparently untrained or otherwise qualified witness at

9  identifying intoxication.  Id.  The Hopkins court relied on Arpin, in which the court merely

10  found the officers could not make an arrest for a misdemeanor not personally observed, as

11  per California Penal Code section 836(a)(1).  Here, the officers not only had probable cause

12  to believe misdemeanor assault or battery had occurred, but also felony assault with a deadly

13  weapon, or felony burglary had occurred.

14      Moreover, the officers in this case did not just rely on the victim's statement, but

15  observed ready signs of a struggle in a short time following the call and interview of Kearney

16  at Plaintiff's residence.   In addition, there were indeed verified facts of a potential

17  assault/battery/trespass/burglary, as more fully argued. On this additional basis, Plaintiff may

18  not conclusively rely on Hopkins for the proposition that additional investigation, such as

19  interview of other witnesses was required.  Therefore, Hopkins and Arpin are unavailing and

20  not controlling.  Therefore, summary adjudication in favor of Plaintiff should be denied, and

21  granted in favor of Defendants.

22      **3.      Exigency existed to enter the apartment**

23      As noted above, exigency exists when there are objectively reasonable facts to

24  support that it was "necessary to prevent . . . the destruction of relevant evidence, the escape

25  of the suspect, or some other consequence improperly frustrating legitimate law enforcement

26  efforts." United States v. McConney, 728 F.2d 1195, 1199 (9th Cir. 1984).

27      Here, Defendants submit exigency existed to avoid the improper frustration of

28  legitimate law enforcement efforts.  As noted above, the officers had probable cause to

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**

- 13 -

00720437.WPD

1  believe either an assault/battery, assault with a deadly weapon, and/or trespass or burglary

2  had just occurred. Accordingly, exigency existed to immediately investigate those crimes,

3  both immediately past and apparently presently occurring or having just occurred.  See

4  Murdock v. Stout, 54 F.3d 1437, 1442 (9th Cir. 1995) (finding both probable cause and

5  exigent circumstances to enter and investigate "suspicious activity" -open door, a dimly lit

6  house, a television turned on, and an unanswered telephone - when police are responding to

7  a possible crime, noting "police judgments should be afforded an 'extra degree of

8  deference.'"). See also Thacker v. City of Columbus, 328 F.3d 244, 253 (6th Cir. Ohio 2003)

9  (police officers did not violate plaintiffs' Fourth Amendment  rights when they entered

10  plaintiffs' home to investigate a possible crime, assist plaintiff, and determine if the area was

11  secure for paramedics in response to a call for service, wherein the caller stating that her

12  boyfriend was cut and bleeding, but did not reveal how the injury occurred, but when police

13  arrived, they immediately observed broken glass on the kitchen floor, an indentation in the

14  wall, and a liquid stain beneath it, plaintiff was bleeding, intoxicated and belligerent toward

15  the officers); See also Schreiber v. Moe, 445 F. Supp. 2d 799, 811 (W.D. Mich. 2006)

16  (responding officer corroborated the information received from the 911 caller while standing

17  at the open front door that supported a warrantless entry based upon exigent circumstances.)

18  Like the officers in Murdock and Schreiber, the exigency to enter is presented by the need

19  to investigate the potential crimes that may be or have occurred.  In that regard, Plaintiff

20  posits any other investigation to further coorborate Kearney's version should have been

21  performed first, rather than secure the apartment, ensure no burglary in process was not

22  taking place, ensure no other occupants were harmed, secure Plaintiff from further harming

23  others or himself.  Such is impractical in light of the suspected criminal activity.  Had

24  Plaintiff actually been hurt, or currently being burglarized, Plaintiff would blame the officers

25  had they not entered and investigated. On these bases, Defendants submit exigency existed

26  such that summary adjudication in favor of Plaintiff should be denied, and granted in favor

27  of Defendants.

28  / / /

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com
00720437.WPD

DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION
- 14 -

1    Plaintiff appears to analyze each fact in a vacuum, rather than accounting for all the

2    entire facts and circumstances known to the officers at the time.  The officers do not simply

3    rely solely on the call for service, do not simply rely on an open door.  Rather, it is the

4    entirety of the circumstances which must be accounted for.  That the rice on the floor could

5    be accounted for by the earlier struggle complained of by Gina Kearney is immaterial.  Ms.

6    Kearney did not report rice was on the floor, did not report the stove was on.  This was new

7    information to the officers, taken as a whole, provided the objectively reasonable bases that

8    there could be injured parties inside the residence.  This was not the picture of nothing

9    appearing out of order that would fail to reasonably rouse suspicions that there may be

10   injured parties inside, particularly given the violent felony complained of, and report of the

11   edged weapon being used, and report of the alcohol ingestion.  Moreover, that the officers

12   had no information about whether anyone was or was not injured inside is supportive of

13   making the entry.

14   Plaintiff's further reliance on Hopkins, supra, is unavailing as the facts in that case are

15   wholly distinguishable.  Hopkins did not involve an emergency call of a felony assault with

16   a edged weapon akin to domestic violence, confirmation by the reporting party, open door

17   late at night, signs of a struggle, including food on the floor, burner on the stove on (which

18   had not been reported by reporting party), no response to announcements, allegations of

19   intoxication.  Rather, Hopkins involved a minor traffic incident which may, or may not, have

20   involved alcohol.  Clearly, those facts are wholly distinguishable from those presented in this

21   case.  Indeed, unlike the witness/victim of the traffic accident, reporting party Gina Kearney

22   stated Plaintiff had been drinking.  This statement appears based on personal observations,

23   and thus is wholly reliable, as opposed to the victim/witness in Hopkins, who appeared to be

24   speculating, nor have any particularized background which would give credence to the

25   reported observation of a smell "resembling alcohol."  For each of these reasons, Defendants

26   submit exigency existed such that summary adjudication in favor of Plaintiff should be

27   denied, and granted in favor of Defendants.

28   / / /

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION
- 15 -
00720437.WPD

**B.    THE QUESTIONING OF PLAINTIFF IN HIS APARTMENT DID NOT VIOLATE THE FOURTH AMENDMENT**

Plaintiff also argue that the subsequent investigation by the officers also violated the Fourth Amendment. (Motion, p. 15:19-17:26). Defendants first submit that Plaintiff does not allege in the First Amended Complaint that the basis for any of his claims are that the Defendant officers "exceeded their authority" once in the apartment, or that the Fourth Amendment was violated by their subsequent questioning of Plaintiff. Plaintiff has not sought leave to amend to add such a claim. Indeed, Plaintiff only references a "search" of the apartment in the First Amended Complaint, ostensibly referencing the warrant later obtained to search for indicia of the assault, for which Plaintiff did seek leave to amend to add. Therefore, Plaintiff may not now base his claims on such unasserted allegations.

Assuming arguendo the court construes any allegations in the First Amended Complaint as somehow encompassing the "exceeding their authority" allegation by the in-apartment questioning of Plaintiff, Defendants submit the claim fails as a matter of law.

In that regard, Plaintiff relies on numerous cases regarding searches of residences following warrantless entries. This case does not involve a search of the apartment by officers before his arrest, but on the mere continued questioning of Plaintiff. Thus, Plaintiff may not rely on those cases, or are otherwise distinguishable. Defendants are unaware of any case, nor does Plaintiff cite to any authority, that the mere questioning of a resident, once justifiably inside, states an actionable violation of the Fourth Amendment for exceeding the scope of said authority. As in any non-custodial setting, Plaintiff is free to refuse to answer questions, which he exercised well. Therefore, Plaintiff fails to state a claim, and it must be dismissed.

Assuming the court finds the claim is alleged and valid, Defendants submit Plaintiff fails to establish he is entitled to summary adjudication of the issue. Plaintiff presumes that the only implied authority of the officers to enter the apartment which was exceeded, was to render immediate medical care. Plaintiff claims such authority was exceeded once Plaintiff's identity was established and "any notion aid was needed" was "dispelled." (Motion, p. 17:17-

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE, SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00720437.WPD

18).  Simply put, the facts do not establish the officers dispelled any notion that Plaintiff did not need aid.  Plaintiff does not present facts that he indicated to officers that he was not injured.  To the contrary, Plaintiff stayed in bed, and told officers to "fuck off," he appeared intoxicated, and refused questions.  He was partially covered in bed, such that the officers did not know whether he was injured or not, despite apparent outward appearances.  These facts establish, at best, the officers were not sure of Plaintiff's need for aid.  On this basis, Plaintiff's motion should be denied.

Equally important, Plaintiff gives no analysis to any implied authority to the officers to investigate the crimes of assault/battery/ assault with a deadly weapon/trespass/burglary.  As argued more fully above, Defendants submit there was probable cause and exigency to investigate those crimes.  Accordingly, Plaintiff has not established as a matter of law that the officers exceeded the scope of their authority in questioning Plaintiff about said crimes because he has not addressed each potential grounds of said authority.  On this additional basis, Plaintiff's motion should be denied.

To the contrary, the facts establish Plaintiff was questioned about the crimes of assault/battery/ assault with a deadly weapon.  Plaintiff does not present any facts to indicate the officers asked about any other purported crimes.  Rather, officers indicated Kearney made the allegations and wished to get his side of the story.  (UMF 49).  Accordingly, no such authority was exceeded.  On this additional basis, Plaintiff's motion should be denied.

Lastly, Defendants submit the exigency evolved, such that their authority remained to continue question Plaintiff as the situation continued to unfold.  Indeed, confirming Plaintiff's identification, the officers observed signs of intoxication (AUMF No. 13), confirming what Kearney said during her interview about his drinking.  Plaintiff implicitly confirmed he knew Kearney, calling her a liar.  That Plaintiff flatly refused to answer questions about the substance of the crime, together with his intoxicated state appeared to outwardly confirm Kearney's allegations, rather than provide some exculpatory evidence.  Thus, asking Plaintiff further questions about the crimes of assault/battery/ assault with a deadly weapon were well within the officers continued exigency authority to investigate the

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION
- 17 -
00720437.WPD

1  suspected crimes.   The officers were not required to simply walk away and get a warrant to

2  investigate those crimes at a later time merely because they were already inside Plaintiff's

3  residence.  Accordingly, on each of the foregoing grounds, Defendants submit no additional

4  Fourth Amendment violation occurred based on the questioning of Plaintiff regarding the

5  suspected crimes of assault/battery/ assault with a deadly weapon merely because such

6  questioning occurred inside his apartment.   For these reasons, Defendants submit that

7  summary adjudication in favor of Plaintiff should be denied, and granted in favor of

8  Defendants.

9  **C.    PLAINTIFF FAILS TO ESTABLISH THE ARREST WAS WITHOUT PROBABLE CAUSE OR EXIGENCY;DEFENDANTS ARE ENTITLED TO**

10 **SUMMARY ADJUDICATION THAT THE ARREST WAS SUPPORTED BY PROBABLE CAUSE**

11

12     Plaintiff moves for summary adjudication of his arrest in his home as lacking probable

13 cause for violation of California Penal Code section 148.  (Plaintiff's Motion 17:27-20:12)

14 Defendants submit that not only does Plaintiff fail to establish there was no exigency for the

15 arrest, the totality of the facts circumstances establish there was indeed probable cause and

16 exigency to arrest Plaintiff.

17     When a person is arrested without a warrant, the Fourth Amendment requires that the

18 arrest be supported by probable cause to believe that the arrestee has committed a crime.

19 Henry v. United States, 361 U.S. 98, 101 (1959).  "Probable cause exists if the facts and

20 circumstances known to the officer warrant a prudent man in believing that the offense is

21 being committed."  Whether a reasonable officer could have believed probable cause existed

22 is "an essentially legal question" that should be determined by the District Court at the

23 earliest possible point in the litigation.  Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th

24 Cir. 1993).  "Probable cause exists when, under the totality of the circumstances known to

25 the arresting officers, a prudent person would have concluded that there was a fair probability

26 that [the suspect] had committed a crime." United States v. Buckner, 179 F.3d 834, 837 (9th

27 Cir. 1999).

28 / / /

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00720437.WPD

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**
- 18 -

The United States Supreme Court has ruled that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) (recognizing that such an arrest would be lawful even if it appeared to be harassing in nature).

Under California Penal Code section 836, a police officer may arrest without a warrant a person the officer has probable cause to believe has committed a felony not in his presence. Cal. Penal Code § 836(a). While a person may verbally challenge or criticize a police officer, one may not conduct him or herself in a disorderly manner, delay or willfully disobey a lawful order. Cal. Penal Code sections 69, 148; People v. Quiroga 16 Cal. App. 4th 961, 968 (1993); People v. Green, 51 Cal. App. 4th 1433 (1997).

Here, because the arrest occurred inside the home, warrantless arrest must also be supported by probable cause and exigent circumstances. Payton v. New York, 445 U.S. 573, 585 (1980); People v. Ramey, 16 Cal.3d 263 (1976). Exigent circumstances may be found where a suspect presents an imminent threat to others or the community. Minnesota v. Olson, 495 U.S. 91, 100, 109 L. Ed. 2d 85, 110 S. Ct. 1684 (1990) (finding of exigency depends upon likelihood suspect is armed).[7] An arrest is lawful so long as there is probable cause to arrest the suspect for *any offense* on the basis of facts as known to the arresting officers. Devenpeck v. Alford, 543 U.S. 146 (2004) (emphasis added). In the Ninth Circuit, "an arrest will be upheld if probable cause exists to support arrest for an offense that is not denominated as the reason for the arrest by the arresting officer." Bingham v. City of Manhattan Beach, 341 F.3d 939, 952 (9th Cir. 2002). This means that probable cause need only exist as to any offense that could be charged under the circumstances. Id.

Here, Plaintiff does not separately address or argue that Defendants lacked both probable cause and exigency to effect the arrest. Indeed, Plaintiff cites to the authority for which stands for the proposition that an arrest inside the home may be had based on exigency

---

[7]See e.g. Sepatis v. City & County of San Francisco, 217 F. Supp. 2d 992, 1001 (N.D. Cal. 2002) (finding no exigency where suspect not alleged to be threatening victim).

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION
- 19 -
00720437.WPD

1    (Plaintiff's Motion p. 20:13-24), but merely concludes, incorrectly, that no arrest inside the

2    home may be had without a warrant. Insofar as it is Plaintiff's burden to prove the elements

3    of his claims, the absence of any argument that there was no exigency is tantamount to a

4    failure to carry his burden of proof on summary judgment. On this basis, Plaintiff's motion

5    should be denied.

6         Furthermore, Plaintiff only addresses whether there was probable cause to arrest for

7    violation of Penal Code section 148 (delaying or obstructing a peace officer). As discussed

8    above, the facts and circumstances support probable cause to arrest for violation of numerous

9    California Penal Code sections, including 241, 242, 245, 417, 12022. Indeed, Plaintiff was

10   being investigated for the assault with a deadly weapon. The emergency call, Kearney's

11   statements about a meat cleaver/butcher knife being used against her, that Plaintiff was

12   drinking, that is occurred in his apartment, followed by confirmation of signs of a struggle,

13   confirmation Plaintiff was drinking, admission of knowing Kearney by calling her a liar, and

14   refusal to respond to questions, clearly provides probable cause and exigent circumstances

15   to immediately arrest plaintiff for any of the violations California Penal Code sections,

16   including 241, 242, 245, 417, 12022. Further exigency is established by Plaintiff's

17   intoxication, the open door, the violent nature of the crime of an assault with a meat

18   cleaver/butcher knife, and the clear potential of Plaintiff presenting a danger to the

19   community at large, but more specifically of potential further assault of Kearney, particularly

20   now that officers had alerted Plaintiff of the allegation and the accuser, and had not located

21   the allegedly offending weapon at the time.

22        In addition, the undisputed facts establish probable cause and exigent circumstances

23   to arrest for not only violation of California Penal Code section 148 (obstructing a police

24   officer in the performance of his official duties), but also California Penal Code section 69

25   (resist[ing], delay[ing], or obstruct[ing] any ... peace officer ... in the discharge or attempt

26   to discharge any duty of his or her office or employment by threats of violence). Plaintiff

27   admits he refused to answer questions, was uncooperative, refused to get on his stomach, put

28   his hands behind his back, lie prone, or otherwise follow any lawful orders. Moreover, the

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929 1481
FAX: 916. 927.3706
www.porterscott.com

00720437.WPD

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**
- 20 -

1  officers observed Plaintiff with close fists, implicitly a threat of violence.   Based on these

2  facts, Defendants submit there was probable cause and exigency to arrest for these crimes

3  committed in the officers' presence.

4       Plaintiff mere expletive responses cannot legitimately be seen as "challenging the

5  officers' authority." (Plaintiff's Motion, p. 19:23-20:12).   Plaintiff does not present any

6  evidence, nor can he, that he stated to the officers words to the effect that the officers had no

7  right to be in his house, did not ask about a warrant, or that he refused to answer questions

8  on principle or other grounds, such as the Fifth Amendment.  "Fuck off" and "Get the fuck

9  out of my house" cannot reasonably be construed as articulating a specific challenge to the

10  officer's authority, as opposed to intoxicated obstinance and repeated refusal to obey simple

11  commands.   Equally important, Plaintiff was not arrested because of this purported

12  expression of expletive speech, and Plaintiff does not argue he was.

13       Defendant officers did not need to walk away from what probable cause and exigency

14  appeared to reveal - an apparent perpetrator of an assault with a deadly weapon who was

15  wilfully disobeying and obstructing the officer's investigation into that and related crimes.

16  Accordingly, Defendants submit both probable cause and exigent circumstances existed to

17  effect the arrest in Plaintiff's residence.   Therefore, Defendants submit that summary

18  adjudication in favor of Plaintiff should be denied, and granted in favor of Defendants.

19  **D.    INDIVIDUAL OFFICER DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FOR THE CLAIMS UNDER THE FOURTH AMENDMENT**

20       Plaintiff, as the moving party, has the burden of negating the elements of each

21  affirmative defense.  Coldwell v. County of Fresno, 2009 U.S. Dist. LEXIS 8162 (E.D. Cal.

22  2009).  In this case, Plaintiff failed to present evidence, or even address the issue of the

23  affirmative defense of qualified immunity.   On these bases alone, Plaintiff's motion for

24  summary adjudication of the entry and his arrest must fail for failure to address this

25  affirmative defense.

26       Defendants, however, cross-move for summary adjudication on the grounds they are

27  entitled to qualified immunity.

28

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE, SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00720437.WPD

1.   **Applicable Legal Standard**

Whenever a suit against a peace officer is based on the alleged violation of a constitutional right that has not been clearly established, the qualified immunity defense is available.  Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982).  Prompt dismissal of such actions protects officers from unnecessary litigation and accords with the Supreme Court's wise "policy of avoiding the unnecessary adjudication of constitutional questions."  County of Sacramento v. Lewis, 523 U.S. 833, 858 (1998)] (STEVENS, J., concurring in judgment).

In Saucier v. Katz, 533 U.S. 194, 201-02, 205 (2001) the Supreme Court set forth that claims of qualified immunity should be evaluated in the following manner:  the threshold question is whether the facts, taken in the light most favorable to the plaintiff, show a constitutional violation.  Id. at 201; Hope v. Pelzer, 536 U.S. 730, 736, 153 L. Ed. 2d 666, 122 S. Ct. 2508 (2002).  As to claims under the Fourth Amendment, the inquiry is whether the alleged use of excessive force was objectively reasonable.  Graham, 490 U.S. at 397; Salim v. Proulx, 93 F.3d 86, 91 (2d Cir. 1996) As to claims under the Fourteenth Amendment, the inquiry is whether the conduct shocks the conscience. Lewis, supra.

If the plaintiff fails to establish a constitutional violation, the qualified immunity inquiry ends and the plaintiff may not recover.  Saucier, 533 U.S. at 201.  If, however, a constitutional violation can be shown, the court must then determine whether the constitutional right was clearly established at the time of the constitutional violation.  Id. This inquiry focuses on whether the law is sufficiently clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  Id. at 202;  Brosseau v. Haugen, 125 S. Ct. 596, 599 (2004).  Resolution of this inquiry is purely legal in that it depends upon whether the law put the officer on notice that his conduct would be clearly unlawful. Saucier, 533 U.S. at 202.; Stephenson v. Doe, 332 F.3d 68, 80-81(2d Cir. 2003) ("the ultimate legal determination of whether qualified immunity attaches to a law enforcement agent's actions is 'a question of law better left for the court to decide.'") (quoting Warren v. Dwyer, 906 F.2d 70, 76 (2d Cir. 1990)).  "[R]easonable mistakes can be made as to the legal

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**
- 22 -
00720437.WPD

1  constraints on particular police conduct." <u>Saucier</u>, 533 U.S. at 205.  "[A]ll but the plainly

2  incompetent or those who knowingly violate the law" are protected from suit.  <u>Malley v.</u>

3  <u>Briggs</u>, 475 U.S. 335, 341, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986).

4       The Supreme Court recently stressed the importance of granting qualified immunity

5  where law is not clearly established based on the specific context of the case at bar.

6  <u>Brosseau</u>, 125 S. Ct. at 599.  In <u>Brosseau</u>, the officer, who considered persons in the area at

7  risk, shot a disturbed felon who was set on avoiding capture through vehicular flight.  <u>Id</u>. at

8  600.  The Supreme Court, assuming the lower courts were correct in finding a Fourth

9  Amendment violation, reviewed prior case law, and found that given each case's particular

10  factual context, it could not be said that the law was "clearly established" that the officer's

11  conduct in the case at bar was a clear violation of the Fourth Amendment.  <u>Id</u>.  Instead, the

12  Court found that the case law merely suggested the officer's action fell in the "hazy border

13  between excessive and acceptable force."  <u>Id</u>. citing <u>Saucier</u>, 533 U.S. at 206.  Accordingly,

14  the officer was entitled to qualified immunity.  <u>Id</u>.

15       **2.    Applying the legal standard, the individual Officer Defendants are
              entitled to qualified immunity because there is no constitutional violation**

16            **and/or the law was not clearly established**

17       Initially, Defendants submit that no constitutional violations under the Fourth

18  Amendment occurred.  As such, the inquiry ends here and the individual Officer Defendants

19  are entitled to qualified immunity to the federal claims asserted under the Fourth

20  Amendment.

21       Assuming arguendo, the court finds evidence in the light most favorable to Plaintiff

22  is sufficient to establish a constitutional violation under the Fourth Amendment, the

23  individual Officer Defendants assert that Plaintiffs cannot show the law was clearly

24  established such that the warrantless entry, "exceeding the authority of the entry" by

25  questioning Plaintiff, and warrantless arrest would violate the Fourth Amendment under the

26  facts and circumstances as observed by the officers, and are thus entitled to qualified

27  immunity.  This "clearly established law" test requires more than an alleged "violation of

28  extremely abstract rights."  <u>Anderson v. Creighton</u>, 483 U.S. 635, 639 (1987).  Rather, "the

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929 1481
FAX: 916. 927.3706
www.porterscott.com

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**
- 23 -
00720437.WPD

1  contours of the right must be sufficiently clear that a reasonable official would understand

2  that what he is doing violates that right." <u>Id.</u> at 640.  In other words, "in the light of

3  preexisting law the unlawfulness must be apparent." <u>Id.</u>; <u>Brosseau</u>, 125 S. Ct. at 599.

4       Furthermore, in <u>Saucier</u>, the Supreme Court emphasized the broad discretion that must

5  be afforded to police officers who face tense situations, and the importance of granting

6  immunity, even when officers make mistakes, and the need for "deference to the judgment

7  of reasonable officers on the scene." <u>Saucier</u>, *supra,* 121 S. Ct. at 2158.

8      An officer might correctly perceive all of the relevant facts but have a
   mistaken understanding as to whether a particular amount of force is legal in

9      those circumstances.  If the officer's mistake as to what the law requires is
   reasonable, however, the officer is entitled to the immunity defense.

10

11  <u>Id.</u>  The Supreme Court also pointed out that the converse is also true:

       Officers can have reasonable, but mistaken, beliefs as to the facts establishing

12      the existence of probable cause or exigent circumstances, for example, and in
   those situations, courts will not hold that they have violated the Constitution.

13

14  <u>Id.</u>  The <u>Saucier</u> court repeatedly referred to the analysis in <u>Anderson</u>, reiterating that the

15  right allegedly violated must be defined at the appropriate level of factual specificity before

16  a court can determine if it was clearly established.

17       Here, although it is Plaintiff's burden to do so, cannot establish that the law was so

18  clearly established that officers facing an emergency call of an assault with a meat

19  cleaver/butcher knife, reporting party Kearney's confirmation of an emergency call, the

20  officers observed at night, an open door to an apartment where the assault was alleged to

21  have occurred, light on inside, food on the floor, the stove on, and no response to

22  announcements by police, clear indicia of a sign of an unlawful entrance, and the reaction

23  or lack thereof by Plaintiff such that the entry, questioning and arrest violates the Fourth

24  Amendment.  Accordingly, the Officer Defendants Wentz and Boyd are entitled to qualified

25  immunity, and therefore summary adjudication on these issues should be granted in their

26  favor.

27   **3.   Alternatively, Plaintiff fails to carry his burden of no material fact in dispute**

28  Assuming arguendo the court does not strike the Declarations of Donald Miller,

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**

00720437.WPD

1    UMFs No. 90-96, and Mark Houlihan, UMFs. No. 96-99, with exhibits, Defendants contend

2    Plaintiff has failed to establish no triable issue of material fact regarding the entry,

3    subsequent questioning, and arrest.

4         Defendants submit that UMFs No. 90-99 directly contradict UMFs 22-24, 34,

5    regarding what the officers observed about the stove, whether the stove was "gas" versus

6    "electric", whether the burner was on or not, whether the burner could be seen from their

7    vantage point.[8] This in and of itself inherently creates a triable issue about what the officers

8    saw.    Accordingly, Plaintiff's motion should be denied.

9                                        **VII.**

10                                   **CONCLUSION**

11         For each of the foregoing reasons, Defendants CITY OF VALLEJO, WENTZ, BOYD

12   and MELVILLE hereby request the offending evidence be stricken, or move for dismissal

13   or continuance pursuant to F.R.Civ. P. 56(f). Alternatively, Defendants request Plaintiff fails

14   to establish the claims should be granted in his favor, but in favor of Defendants.  Lastly,

15   Defendants submit the submitted evidence, if not stricken, inherently creates triable issues

16   of fact precluding summary judgment in favor of Plaintiff.

17

18                              Respectfully submitted,

19
     DATED: September 28, 2009        PORTER SCOTT
20                                    A PROFESSIONAL CORPORATION

21                                    /s/ John R. Whitefleet
                               By: _____
22                                    Terence J. Cassidy
                                      John R. Whitefleet
23                                    Attorneys for Defendants

24

25

26   _____
     [8]Defendants believe there is no reasonably disputing that the stove was on, regardless
27   of the type of stove, and that Officer Wentz turned it off.  Based thereon, and assuming
28   arguendo the court denies their Rule 56(f) motion, Defendants submit the court may
     determine on the entirety of the facts and circumstances that the entry was proper.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE. SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00720437.WPD

**DEFENDANTS' MOTION UNDER 56(F); OPPOSITION; COUNTERMOTION**
- 25 -