IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MACARIO BELEN DAGDAGAN,            )
                                   )
                Plaintiff,         )    2:08-cv-00922-GEB-GGH
                                   )
        v.                         )    ORDER ON PLAINTIFF'S REQUEST
                                   )    FOR RECONSIDERATION
CITY OF VALLEJO, et al.,           )
                                   )
                Defendants.        )
_____   )

        On December 23, 2009, Plaintiff filed a request for reconsideration of the magistrate judge's order filed on December 15, 2009, in which Plaintiff's motion to compel the City of Vallejo (the "City") to produce certain internal affairs complaints and to compel the City's "Rule 30(b)(6)" witness to answer certain deposition questions was denied. (Docket No. 56.)  The City did not file a timely opposition.[1]  For the reasons stated below, Plaintiff's motion to compel is GRANTED AND DENIED IN PART.

## I.  STANDARD OF REVIEW

        As stated in Coleman v. Schwarzenegger,

        Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge.  The district judge shall, upon reconsideration,

_____

        [1]   Under Local Rule 303(d), an "[o]pposition to [a] request [for reconsideration] shall be served within seven (7) days after service of the request." E.D. Cal. R. 303(d).  The City, however, did not file an opposition until January 26, 2010, nearly a month after it was due. Since the City has not shown its late filing should be considered, it is disregarded.

> modify or set aside any part of the magistrate judge's order which is 'found to be clearly erroneous or contrary to law.'
>     Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus subject to the 'clearly erroneous or contrary to law' standard of review."

No. CIV S-90-0520 LKK JFM P, 2008 WL 2468492, at *1 (E.D. Cal. June 17, 2008); see also E.D. Cal. R. 303(c). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact [while] legal conclusions are freely reviewable de novo to determine whether they are contrary to law." Wolphin v. Philip Morris, Inc., 189 F.R.D. 418, 421 (C.D. Cal. 1999). A ruling is "contrary to law" "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Martin v. Woodford, No. CV F 08-415 LJO DLB PC, 2009 WL 3841868, at *1 (E.D. Cal. Nov. 17, 2009)(quotations and citations omitted). The party requesting reconsideration must "specifically designate the ruling, or part thereof, objected to and the basis for that objection." E.D. Cal. R. 303(c).

## II.  BACKGROUND

Plaintiff alleges in his first amended complaint that Vallejo police officers violated his Fourth Amendment rights when they entered his apartment without a warrant, woke him up while he was in bed asleep, questioned him, arrested him, and employed excessive force in effectuating the arrest. (First Amended Compl. ("FAC") ¶¶ 10, 28.) Plaintiff also alleges state law claims of trespass, battery, false arrest, intentional infliction of emotional distress, negligence and violation of California Civil Code section 52.1 against the individual officers. (FAC ¶¶ 33-50.) Additionally, Plaintiff alleges the City is liable under 42 U.S.C. § 1983 for "fail[ing] to maintain adequate policies or conduct adequate training to prevent violations of the

Fourth Amendment" and for being "deliberately indifferent to the demonstrated propensity of [defendant police officers] to violate the constitutional rights of citizens . . . ."  (FAC ¶ 31.)

On October 27, 2009, Plaintiff filed a motion under Federal Rule of Civil Procedure 37 to compel the City to produce certain internal affairs complaints and to compel Sergeant Miller to provide responses to certain deposition questions.  A joint statement was filed on November 2, 2009, outlining the parties' discovery disputes. The magistrate judge heard Plaintiff's motion on November 5, 2009, issued a summary order on November 6, 2009, granting and denying in part Plaintiff's motion, and explained and confirmed that ruling in an order filed on December 15, 2009.

## III.  DISCUSSION

### A.  Plaintiff's Motion to Compel Production of the Internal Affairs Complaints

Plaintiff requests reconsideration of his motion to compel a response to production "Request 22."  Plaintiff originally sought in this request, an order compelling the City to produce "[a]ll complaints filed with the internal affairs division of the Vallejo Police Department in the five years preceding the incident [with Plaintiff,] alleging that officers of the Vallejo Police Department utilized excessive force or unlawfully entered a residence."  (Mot. to Compel 11:7-11.)  The magistrate judge issued an order on November 6, 2009, instructing the parties:

> Within fourteen days . . . ., [P]laintiff shall be allowed to view Internal Affairs Division complaints filed in the last two (2) years.  Plaintiff shall designate the cases he wants produced.  Within five days after plaintiff has designated these cases, defendant shall provide the court with the complaint case files for an in camera review. Plaintiff shall make no copies, take no notes,

and not contact anyone referenced in the
reports, until the court has reviewed the
case[]files and made a determination.

(Summary Order November 6, 2009 2:9-14.)  Plaintiff designated a

number of complaint files and submitted them to the magistrate judge

for in camera review.  However, the magistrate judge denied

Plaintiff's motion to compel production of the files in an order filed

December 15, 2009, ruling that although the City had waived the

federal privilege for official information due to "insufficient

support," California privilege law was applicable and barred

production of the internal affairs files at issue.

Plaintiff argues after the magistrate judge concluded the

City had "waived any privilege under federal law," the inquiry should

have ended and Plaintiff's motion to compel should have been granted.

(Request for Reconsideration 3:4-5.)  Plaintiff argues it was

"contrary to law" for the magistrate judge to invoke and apply

California privilege law under the circumstances.  (See id. 3:27-5:2.)

Only the designated complaints for the two year period submitted to

the magistrate judge for in camera review are at issue in Plaintiff's

request for reconsideration, since the magistrate's summary order

limiting the scope of discoverable complaints has not been challenged.

Federal Rule of Evidence 501 prescribes that "the privilege

of a . . . government, State or political subdivision . . . shall be

governed by the principles of common law as they may be interpreted by

the courts of the United States . . . .  However, in civil actions and

proceedings, with respect to an element of a claim or defense as to

which State law supplies the rule of decision, the privilege of a

1  . . . government, State or political subdivision . . .  shall be

2  determined in accordance with State law."  But "[w]here there are

3  federal question claims and pendant state law claims present, the

4  federal law of privilege applies."  Agster v. Maricopa County, 422

5  F.3d 836, 839 (9th Cir. 2005)(declining to recognize federal peer

6  review privilege in the context of the death of a prisoner and finding

7  state privilege law inapplicable).  In such federal question cases,

8  "the law of privilege is governed by 'the principles of the common law

9  as they may be interpreted by the courts of the United States in the

10 light of reason and experience."  Religious Tech. Ctr. v. Wollersheim,

11 971 F.2d 364, 367 n.10 (9th Cir. 1992)(refusing to apply California

12 litigation privilege in copyright action with pendant state law

13 claims); see also Folb v. Motion Picture Indus. Pension & Health

14 Plans, 16 F. Supp. 2d 1164, 1169 (C.D. Cal 1998), aff'd, 216 F.3d 1082

15 (9th Cir. 2000)(stating "the federal common law of privileges governs

16 both federal and pendent state law claims in federal question cases").

17 Therefore, in this case, despite the pendent state law claims, the

18 federal common law of privilege is controlling.  See Agster, 422 F.3d

19 at 839.

20      "Federal common law recognizes a qualified privilege for

21 official information."  Smith v. Crones, No. 2:07-cv-00964 ALA (P),

22 2009 WL 2914157, at *2 (E.D. Cal. Sept. 9, 2009)(citing Kerr v. United

23 States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir.1975)).

24 "Government personnel files are considered official information" that

25 may be protected by this privilege.  Id. (citing Sanchez v. City of

26 Santa Ana, 936 F.2d 1027, 1033 (9th Cir.1990)).  However, "[t]he party

27 asserting the privilege must properly invoke the privilege by making a

28 substantial threshold showing.  That party must file an objection and

1    submit a declaration or affidavit from a responsible official with

2    personal knowledge of the matters to be attested in the affidavit."

3    Id. (quotations and citations omitted).  The affidavit must include

4    certain information, and "[i]f the court concludes [the] submissions

5    are not sufficient to meet the threshold burden, it may order

6    disclosure . . . ."  Id.

7         The magistrate judge found that the City waived the federal

8    official information privilege "for insufficient support."  However,

9    the magistrate concluded that "state privilege law which is consistent

10   with its federal equivalent significantly assists in applying

11   privilege law to discovery disputes" and denied Plaintiff's motion to

12   compel production of the internal affairs complaints at issue.

13   Therefore, the magistrate judge apparently relied on California

14   privilege law in denying Plaintiff's motion.

15        However, this resort to state law was "contrary to law."

16   While "the Court may look to state law to fill in gaps in federal

17   common law, . . . state law cannot supply the rule of decision . . . .

18   [S]tate privilege law is only applicable in so far as [it] . . . can

19   be used as a guide to [develop the] federal [common law of] privilege

20   . . . ."  Speaker v. County of San Bernardino 82 F. Supp. 2d 1105,

21   1109 (C.D. Cal. 2000); see also Lewis v. United States, 517 F.2d 236,

22   237 (9th Cir. 1975)(stating that "[i]n determining the federal law of

23   privilege in a federal question case, absent a controlling statute, a

24   federal court may consider state privilege law[,] . . . [however,] the

25   ruling ultimately adopted, whatever its substance, is not state law

26   but federal common law.").  Since the federal common law of privilege

27   already recognizes a privilege for official information, applicable to

28   the government files involved in this case, there was no need to look

to state law to develop the federal common law.  See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 2000)(finding district court did not abuse its discretion in allowing limited discovery of police department personnel files under the federal official information privilege); see also Chatman v. Felker, No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at *9 (E.D. Cal. Jan. 23, 2009)(overruling defendants' objections to discovery on the grounds that they failed to satisfy the threshold showing for invoking the official information privilege and refusing to look to state law); Thomas v. Hickman, No. 1:06-cv-00215-AWI-SMS, 2007 WL 4302974, at *4-5 (E.D. Cal. Dec. 6, 2007)(same).

Since the City failed to make the necessary showing to invoke the federal official information privilege, Plaintiff's motion to compel production of the designated internal affairs complaints is GRANTED.

### B.  Plaintiff's Motion to Compel the Deposition Testimony of the City's Rule 30(b)(6) Designee

The remainder of Plaintiff's reconsideration motion challenges the magistrate judge's refusal to compel Sergeant John Miller, the City's designated witness under Federal Rule of Civil Procedure 30(b)(6)("Rule 30(b)(6)"), to answer certain deposition questions defense counsel instructed him not to answer.  The City designated Sergeant Miller to respond to Plaintiff's Rule 30(b)(6) notice to depose "persons with knowledge" concerning the training given to Vallejo police officers on search and seizure procedures, the use of force, and specifically, the use of tasers.  During Sergeant Miller's deposition, the City's counsel instructed Sergeant Miller not to answer the following questions, objecting on the grounds that the

questions improperly sought an expert opinion and/or were outside the scope of the Rule 30(b)(6) designation:

> Q. . . . [W]as the officers' decision to enter the apartment without a search warrant and arrest warrant consistent with the training given by the Vallejo Police Department?
>
> Q. And what is your understanding of the circumstances under which an officer may enter a residence without an arrest warrant or a search warrant?
>
> Q. . . . [B]ased on your understanding of the training you received while employed by the Vallejo Police Department, may a police officer investigate a crime after he or she has entered a residence pursuant to the community caretaking function?
>
> Q. Based on the training you received, may an officer arrest an individual in their own home without a warrant in the absence of exigent circumstances?
>
> Q. [T]he question is, if the individual is not actively resisting being taken into custody but is clenching his fists near his waist, would that person qualify as a passive resister in the policy as [you] understand[] it.

(Joint Statement Re Discovery 32:22-33:14, 35:12-14, 37:6-14, 39:2-8, 41:21-42:1.)

The magistrate judge denied Plaintiff's motion to compel responses to these questions, ruling in pertinent part: "that the questions at [issue are] inappropriate expert type questions." (December 15 Order 7:8-9.)  The magistrate judge further noted that "[P]laintiff's counsel did not limit his questions to factual matters within the purview of [the] witness[], but asked [him] opinion questions on issues pertinent to the case which would only be appropriate for those retained outside or inside experts who had reviewed the case for purposes of testifying to such opinions in the litigation." (Id. 4:15-19.)

1  Plaintiff argues "[t]he fundamental error in [the magistrate
2  judge's order] is [his] characteriz[ation of] the questions at issue
3  as seeking an expert opinion."  (Request for Reconsideration 8:26-27.)
4  Plaintiff further posits the magistrate judge's "[o]rder improperly
5  limits the scope of deposition questions [since] [o]nce a party
6  produces a designee witness, the scope of the deposition is determined
7  solely by relevance under Rule 26 . . . ."  (Id. 9:24-26)(quotations
8  and citations omitted).

9  The parameters of discovery in a federal action are set by
10 Federal Rule of Civil Procedure 26(b) which provides that "[u]less
11 otherwise limited by court order . . . [p]arties may obtain discovery
12 regarding any nonprivileged matter that is relevant to any party's
13 claim or defense . . . .  Relevant information need not be admissible
14 at the trial if the discovery appears reasonably calculated to lead to
15 the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).
16 However, Federal Rule of Civil Procedure 26(b)(2)(C), authorizes the
17 court "on its own," to limit the "the discovery sought" if it "can be
18 obtained from some other source that is more convenient [or] less
19 burdensome" or "the burden or expense of the proposed discovery
20 outweighs its likely benefit, considering the needs of the case, the
21 amount in controversy, the parties' resources, the importance of the
22 issues at stake in the action, and the importance of the discovery in
23 resolving the issues."  Fed. R. Civ. P. 26(b)(C)(i), (iii).  "Yet all
24 discovery, and federal litigation generally, is subject to [Federal
25 Rule of Civil Procedure] 1, which directs that the rules be construed
26 and administered to secure the just, speedy, and inexpensive
27 determination of every action."  Quicksilver, Inc. v. Kymsta Corp.,
28

1  247 F.R.D. 579, 582 (C.D. Cal. 2007)(quotations and citations

2  omitted).

3           Most of the questions Plaintiff posed to Sergeant Miller

4  would likely elicit answers that would be inadmissible at trial or

5  excluded on a motion since Plaintiff's questions are overly vague,

6  call for speculation, or seek an expert opinion from a lay witness.

7  Further, it appears that the answers Plaintiff seeks could be obtained

8  more directly from other sources, including Plaintiff's own retained

9  expert.  Therefore, notwithstanding any difficulty Plaintiff may

10 encounter in attempting to obtain this information elsewhere, the

11 burden of this discovery outweighs its likely benefit, considering its

12 import to the issues involved in this case.  Accordingly, compelling

13 Sergeant Miller to sit for another deposition so that Plaintiff can

14 propound the subject questions runs afoul of the commands of Federal

15 Rule of Civil Procedure 1.  Therefore, the magistrate judge's refusal

16 to compel Sergeant Miller to provide answers to Plaintiff's deposition

17 questions was not contrary to law and this portion of Plaintiff's

18 motion is DENIED.

19                    **IV.   CONCLUSION**

20          For the stated reasons, Plaintiff's motion to compel

21 production of the designated internal affairs complaints from the two

22 year period outlined by the magistrate judge is GRANTED.  However,

23 Plaintiff's motion to compel answers to the deposition questions is

24 DENIED.

25 Dated:  January 28, 2010

26

27                    _____
                      GARLAND E. BURRELL, JR.

28                    United States District Judge