IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCARIO BELEN DAGDAGAN, )
)
        Plaintiff, )   2:08-CV-0922-GEB-GGH
)
  v. )   ORDER GRANTING DEFENDANTS'
)   <u>EX PARTE APPLICATION TO</u>
CITY OF VALLEJO, VALLEJO OFFICER )   <u>SHORTEN TIME</u>
JOHN BOYD (ID #589), VALLEJO )
OFFICER J. WENTZ (ID #524) and )
VALLEJO OFFICER JAMES MELVILLE, )
)
        Defendants. )
_____)

      On February 5, 2010, the City of Vallejo and Vallejo Police Officers Boyd, Wentz and Melville (collectively, "Defendants") filed a motion seeking an order staying further proceedings in this action pending resolution of their interlocutory appeal to the Ninth Circuit of an order denying defendant Officers Wentz and Boyd's motion for qualified immunity. (Docket No. 66.) Defendants also filed an Ex Parte Application to shorten the time to hear their stay motion under Local Rule 6-144(e).[1] (Docket No. 65.)

---

[1] The Eastern District amended its Local Rules effective December 1, 2009. Accordingly, Defendants' motion to shorten time will be treated as a motion under Local Rule 144(e), the now applicable rule for shortening time. <u>See</u> E.D. Cal. L. R. 144(e).

1

Defendants' interlocutory appeal concerns an order filed January 7, 2010, in which Plaintiff's motion for partial summary judgment was granted in part. That order concluded that defendant Officers Boyd and Wentz violated Plaintiff's Fourth Amendment rights when they entered Plaintiff's apartment without a warrant and subsequently arrested Plaintiff. The order also denied defendant Officers Boyd and Wentz's cross-motion for qualified immunity. Defendants filed a Notice of Appeal on January 29, 2010, seeking appellate review of the Court's denial of their motion for qualified immunity and any issue "inextricably intertwined therewith."

After Defendants' filed their notice of appeal, on February 5, 2010, Plaintiff filed a motion for partial summary judgment on the following claims: that defendant Officer Wentz's use of a taser violated his Fourth Amendment right against being subjected to excessive force; that defendant Officer Boyd violated Plaintiff's Fourth Amendment right against being subjected to excessive force by his failure to prevent defendant Officer Wentz from tasering him; and that defendant Officer Melville's search of Plaintiff's home without probable cause and for purposes unrelated to legitimate law enforcement purposes, violated his Fourth Amendment rights. Alternatively, Plaintiff moves for summary adjudication under Federal Rule of Civil Procedure 56(d) on the claims listed above.

Defendants argue their application for an order shortening the time on the hearing of their stay motion should be granted since, "[s]hould the matter not be heard on shortened time, the parties would be forced to prepare and file motions which, assuming the stay is granted, will not be decided pending the decision on appeal, and may be rendered wholly moot or inconsistent should the court of appeal

reverse." (Ex Parte Application 3:18-21.) Defendants further contend that "the parties (and the court) would potentially be saved additional time and expense should the court grant the stay as soon as possible and prior to the deadline to file . . . dispositive motions." (Id. 3:21-23.)

Local Rule 144(e) provides that: "Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." E.D. Cal. L. R. 144(e).

Defendants' counsel provided an affidavit declaring that the earliest date their stay motion could be regularly noticed and heard is March 8, 2010. (Whitefleet Decl. ¶ 6.) This is the same date that Plaintiff's motion for summary judgment is noticed to be heard. Defendants' counsel also declares "[t]he only means by which Defendants' Motion for a Stay can be heard and adjudicated prior to the dispositive motion . . . is in shortening the time for hearing on the motion." (Id.) Defendants' counsel further declares that he attempted to obtain a stipulation from Plaintiff to shorten time, but Plaintiff's counsel refused to agree to such a stipulation. (Id. ¶ 7.)

Defendants have provided a satisfactory explanation for the need to shorten the time to hear their stay motion. Therefore, Defendants' Ex Parte Application is granted. Defendants' motion to stay is scheduled for hearing on February 22, 2010 at 9:00 a.m. Plaintiff may file an opposition no later than February 16, 2010. Defendants may file a reply no later than February 19, 2010.

Plaintiff's summary judgment motion filed on February 5, 2010, and scheduled for hearing on March 8, 2010, is continued until March 22, 2010 at 9:00 a.m.

Dated: February 9, 2010

GARLAND E. BURRELL, JR.
United States District Judge

4