IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MACARIO BELEN DAGDAGAN,

        Plaintiff,

    v.

CITY OF VALLEJO, VALLEJO OFFICER
JOHN BOYD (ID #589), VALLEJO
OFFICER J. WENTZ (ID #524), and
VALLEJO OFFICER JAMES MELVILLE,

        Defendants.

2:08-cv-00922-GEB-GGH

ORDER GRANTING DEFENDANTS'
MOTION TO STAY

       Defendants Wentz, Boyd, Melville and the City of Vallejo ("defendants") filed a motion on February 5, 2010, in which they seek an order staying this action pending resolution of their interlocutory appeal to the Ninth Circuit. This appeal challenges an Order filed January 7, 2010 (the "Order"), that granted plaintiff's motion for partial summary judgment and denied defendants Wentz and Boyd's qualified immunity motion on the following issues: that defendants Wentz and Boyd violated plaintiff's Fourth Amendment rights when they entered plaintiff's apartment without a warrant, and when they subsequently arrested him inside his apartment.

Defendants also filed an ex parte application for an expedited hearing on their stay motion. This application was granted and an abbreviated briefing schedule was established. Defendants' motion was heard on February 22, 2010. For the reasons stated below, defendants' motion to stay is GRANTED.

## I. LEGAL STANDARD

A denial of a summary judgment motion seeking qualified immunity may, in certain circumstances, be reviewed by interlocutory appeal. Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000); see also Wilkins v. City of Oakland, 350 F.3d 949, 951 (9th Cir. 2003) (stating that the appellate court "has jurisdiction . . . over an interlocutory appeal where the ground for the motion in question is qualified immunity") (citation omitted)). The Ninth Circuit has "jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether defendants violated a clearly established law given the undisputed facts" but lacks jurisdiction over "an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts." Knox v. Southwest Airlines, 124 F.3d 1103, 1107 (9th Cir. 1997). However, "[w]here disputed facts exist[,] [the Ninth Circuit] will determine if the denial of qualified immunity was proper by assuming that the version of events offered by the non-moving party is correct." Wilkins, 350 F.3d at 951; see also Jeffers v. Gomez, 267 F.3d 895, 903 (9th Cir. 2001) (stating that "[w]here disputed facts exist . . . we can determine whether the denial of immunity was appropriate by assuming that the version of material facts asserted by the non-moving party is correct").

The filing of an interlocutory appeal "divests the district court of jurisdiction to *proceed with trial*," Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992) (emphasis added), and "over the *particular issues involved in [the] appeal.*" City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 886 (9th Cir. 2001) (emphasis added). However, the filing of an interlocutory appeal does not divest the trial court of jurisdiction over "aspects of the case that are not the subject of the appeal." United States v. Pitner, 207 F.3d 1178, 1183 n.5 (9th Cir. 2002) (citing Plotkin, 688 F.2d at 1293).

## II. DISCUSSION

At issue is whether this action should be stayed in the situation here, where defendants' qualified immunity motion was denied based on defendants' version of events. Defendants argued their entitlement to qualified immunity based on their version of events. (Defs.' Opp'n 24:16-25.) At the October 13, 2009 hearing on plaintiff's motion for partial summary judgment and defendants' cross-motion for qualified immunity, only defendants' version of events was discussed, and plaintiff did not argue at the hearing that his version of events should have been used in deciding defendants' cross-motion. Plaintiff's counsel indicated he had nothing to say beyond what was in plaintiff's brief. Plaintiff's version of events includes plaintiff's averment that the door to his apartment was closed when defendants arrived; and, therefore defendants could not see or hear the things they averred comprises their justification for their warrantless entry into his apartment. Under defendants' version of events, the door to plaintiff's apartment was open.

The Order denying defendants' qualified immunity motion states: "Plaintiff has not agreed to treat Defendants' version of

events as true for the purpose of decision on each Defendant's qualified immunity motion. However, since it is determined that each Defendant fails to prevail on his qualified immunity defense using Defendants' version of the facts, it is unnecessary to discuss the parties' factual disputes." (January 7 Order 17-18 n.4.) The Order ultimately concluded that the law applicable to the defendants' warrantless entry and arrest was clearly established in 2007, and under defendants' version of the events, neither defendant was entitled to qualified immunity since a reasonable officer would have known that he lacked reasonable grounds to believe that there was either an emergency or exigent circumstances justifying the warrantless entry into plaintiff's apartment. Further, the ruling concluded that a reasonable officer also would have known that exigent circumstances did not justify plaintiff's warrantless arrest for the reported assault defendants were investigating, nor would a reasonable officer have believed, given the illegality of the entry, that plaintiff could have been arrested for violating California Penal Code section 148(a). Section 148(a) proscribes action that delays or obstructs a police officer. However, at the February 22, 2010 hearing on defendants' stay motion, it became evident that denying defendants' qualified immunity motion based upon defendants' version of events was, perhaps, unprecedented.

After defendants filed their Notice of Appeal, plaintiff filed a motion for partial summary judgment on the following issues: that defendant Wentz's use of a taser violated his Fourth Amendment rights; that defendant Boyd violated Plaintiff's Fourth Amendment rights by failing to prevent Wentz from tasering him; and that defendant Melville's search of Plaintiff's home without probable cause

and for purposes unrelated to legitimate law enforcement purposes, violated his Fourth Amendment rights. Defendants then filed their stay motion and their <u>ex parte</u> request for an expedited hearing on that motion.

Plaintiff requests in his opposition to defendants' stay motion, that the Court certify defendants' appeal as "frivolous" under the rationale of the Ninth Circuit's decision in <u>Chuman</u>. <u>Chuman</u> authorizes a district court to certify in writing that an appeal is frivolous or waived; and, if this certification issues the appeal does not automatically divest the district court of jurisdiction to continue the proceedings on the issues involved in the appeal. 960 F.2d at 105. Plaintiff argues this certification is warranted because defendants improperly seek a reversal of the qualified immunity determination based upon their version of events. Plaintiff contends that to seek an interlocutory appeal, defendants must rely upon plaintiff's version of events. Defendants respond since the factual disputes were not addressed in the Order, and the Order was decided based upon defendants' version of events, they need not rely upon plaintiff's version in their appeal. Further, defendants argue their appeal is not frivolous since "there is a colorable argument [that] the law was not clearly established in the specific context facing Defendants Wentz and Boyd."

"An appeal is frivolous if it is wholly without merit." <u>United States v. Kitsap Physicians Serv.</u>, 314 F.3d 995, 1003 n.3 (9th Cir. 2002) (quoting <u>Amwest Mortgage Corp. v. Grady</u>, 925 F.2d 1162, 1165 (9th Cir. 1991)); <u>see also</u> <u>In re George</u>, 322 F.3d 586, 591 (9th Cir. 2003) (stating that "[a]n appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit"). "This

means that the appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side." Schering Corp. v. First DataBank, Inc., No. C 07-01142 WHA, 2007 WL 1747115 at *3 (N.D. Cal. June 18, 2007) (quoting Apolstol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989)).

The Order conclusively determined defendants' liability for their warrantless entry and arrest. Accordingly, the Order operates as a final decision on defendant Wentz and Boyd's qualified immunity defense on those issues. Plaintiff, therefore, has not shown that defendants' appeal is "wholly without merit."

Defendants argue a stay is warranted since "[t]he filing of an appeal of a summary judgment order denying qualified immunity automatically stays trial and further proceedings in the district court, absent certification by the district court that the [appeal] was frivolous or has been waived." (Mot. to Stay 2:25-28.) Plaintiff counters a stay is not warranted since his pending motion for partial summary judgment does not involve issues raised in defendants' appeal.

Defendants have demonstrated that plaintiff's pending motion for summary judgment relies upon issues involved in defendants' interlocutory appeal. Plaintiff argues in his motion since the Order concluded that defendants' entry was illegal, there was no governmental interest justifying the defendants' use of force following the entry. Specifically, plaintiff asserts that "[i]n light of the Court's ruling on the illegality of the entry . . . defendants can cite no legitimate governmental interest in using force on [plaintiff] . . . ." (Mot. for Partial Summ. J. 16:12-13.) Plaintiff

further argues defendants' use of force may be unreasonable and unconstitutional because their entry was unconstitutional. (Id. 16:2-6.) Plaintiff also argues that because defendants' entry was unconstitutional, "the officers' illegal actions provoked" plaintiff and they "may not claim they acted in self defense." (Id. 5:19-21.)

Since it is apparent that issues involved in defendants' appeal are also potentially involved in plaintiff's pending summary judgment motion, decision on plaintiff's motion should be deferred until after defendants' interlocutory appeal is resolved. Therefore, defendants' motion to stay is GRANTED and all proceedings in this case are STAYED pending resolution of defendants' appeal.

### III. CONCLUSION

For the stated reasons, defendants' motion to stay is granted. This action is stayed pending resolution of defendants' interlocutory appeal to the Ninth Circuit. The pending motions for summary judgment are deemed withdrawn, and may be re-noticed for hearing after defendants' appeal is resolved. All scheduled dates are vacated; an amended pretrial scheduling order will issue after the appeal is resolved.

Dated: February 25, 2010

GARLAND E. BURRELL, JR.
United States District Judge