IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---

MACARIO BELEN DAGDAGAN,

        Plaintiff,

    v.

CITY OF VALLEJO, VALLEJO OFFICER JOHN BOYD (ID #589), VALLEJO OFFICER J. WENTZ (ID #524), and VALLEJO OFFICER JAMES MELVILLE,

        Defendants.

2:08-cv-00922-GEB-GGH

<u>ORDER GRANTING DEFENDANTS'
MOTION TO STAY</u>

---

Defendants Wentz, Boyd, Melville and the City of Vallejo ("defendants") filed a motion on February 5, 2010, in which they seek an order staying this action pending resolution of their interlocutory appeal to the Ninth Circuit. This appeal challenges an Order filed January 7, 2010 (the "Order"), that granted plaintiff's motion for partial summary judgment and denied defendants Wentz and Boyd's qualified immunity motion on the following issues: that defendants Wentz and Boyd violated plaintiff's Fourth Amendment rights when they entered plaintiff's apartment without a warrant, and when they subsequently arrested him inside his apartment.

1  Defendants also filed an <u>ex parte</u> application for an
2 expedited hearing on their stay motion. This application was granted
3 and an abbreviated briefing schedule was established. Defendants'
4 motion was heard on February 22, 2010. For the reasons stated below,
5 defendants' motion to stay is GRANTED.

## I. LEGAL STANDARD

7  A denial of a summary judgment motion seeking qualified
8 immunity may, in certain circumstances, be reviewed by interlocutory
9 appeal. <u>Schwenk v. Hartford</u>, 204 F.3d 1187, 1198 (9th Cir. 2000); <u>see
10 also</u> <u>Wilkins v. City of Oakland</u>, 350 F.3d 949, 951 (9th Cir. 2003)
11 (stating that the appellate court "has jurisdiction . . . over an
12 interlocutory appeal where the ground for the motion in question is
13 qualified immunity") (citation omitted)).  The Ninth Circuit has
14 "jurisdiction over an interlocutory appeal from the denial of
15 qualified immunity where the appeal focuses on whether defendants
16 violated a clearly established law given the undisputed facts" but
17 lacks jurisdiction over "an interlocutory appeal that focuses on
18 whether there is a genuine dispute about the underlying facts." <u>Knox
19 v. Southwest Airlines</u>, 124 F.3d 1103, 1107 (9th Cir. 1997).  However,
20 "[w]here disputed facts exist[,] [the Ninth Circuit] will determine if
21 the denial of qualified immunity was proper by assuming that the
22 version of events offered by the non-moving party is correct."
23 <u>Wilkins</u>, 350 F.3d at 951; <u>see also</u> <u>Jeffers v. Gomez</u>, 267 F.3d 895, 903
24 (9th Cir. 2001) (stating that "[w]here disputed facts exist . . . we
25 can determine whether the denial of immunity was appropriate by
26 assuming that the version of material facts asserted by the non-moving
27 party is correct").

1          The filing of an interlocutory appeal "divests the district
2 court of jurisdiction to *proceed with trial*," Chuman v. Wright, 960
3 F.2d 104, 105 (9th Cir. 1992) (emphasis added), and "over the
4 *particular issues involved in [the] appeal*." City of Los Angeles v.
5 Santa Monica Baykeeper, 254 F.3d 882, 886 (9th Cir. 2001) (emphasis
6 added).  However, the filing of an interlocutory appeal does not
7 divest the trial court of jurisdiction over "aspects of the case that
8 are not the subject of the appeal." United States v. Pitner, 207 F.3d
9 1178, 1183 n.5 (9th Cir. 2002) (citing Plotkin, 688 F.2d at 1293).

## II.   DISCUSSION

11          At issue is whether this action should be stayed in the
12 situation here, where defendants' qualified immunity motion was denied
13 based on defendants' version of events.  Defendants argued their
14 entitlement to qualified immunity based on their version of events.
15 (Defs.' Opp'n 24:16-25.)   At the October 13, 2009 hearing on
16 plaintiff's motion for partial summary judgment and defendants' cross-
17 motion for qualified immunity, only defendants' version of events was
18 discussed, and plaintiff did not argue at the hearing that his version
19 of events should have been used in deciding defendants' cross-motion.
20 Plaintiff's counsel indicated he had nothing to say beyond what was in
21 plaintiff's brief.  Plaintiff's version of events includes plaintiff's
22 averment that the door to his apartment was closed when defendants
23 arrived; and, therefore defendants could not see or hear the things
24 they averred comprises their justification for their warrantless entry
25 into his apartment.  Under defendants' version of events, the door to
26 plaintiff's apartment was open.
27          The Order denying defendants' qualified immunity motion
28 states: "Plaintiff has not agreed to treat Defendants' version of

events as true for the purpose of decision on each Defendant's qualified immunity motion. However, since it is determined that each Defendant fails to prevail on his qualified immunity defense using Defendants' version of the facts, it is unnecessary to discuss the parties' factual disputes." (January 7 Order 17-18 n.4.) The Order ultimately concluded that the law applicable to the defendants' warrantless entry and arrest was clearly established in 2007, and under defendants' version of the events, neither defendant was entitled to qualified immunity since a reasonable officer would have known that he lacked reasonable grounds to believe that there was either an emergency or exigent circumstances justifying the warrantless entry into plaintiff's apartment. Further, the ruling concluded that a reasonable officer also would have known that exigent circumstances did not justify plaintiff's warrantless arrest for the reported assault defendants were investigating, nor would a reasonable officer have believed, given the illegality of the entry, that plaintiff could have been arrested for violating California Penal Code section 148(a). Section 148(a) proscribes action that delays or obstructs a police officer. However, at the February 22, 2010 hearing on defendants' stay motion, it became evident that denying defendants' qualified immunity motion based upon defendants' version of events was, perhaps, unprecedented.

After defendants filed their Notice of Appeal, plaintiff filed a motion for partial summary judgment on the following issues: that defendant Wentz's use of a taser violated his Fourth Amendment rights; that defendant Boyd violated Plaintiff's Fourth Amendment rights by failing to prevent Wentz from tasering him; and that defendant Melville's search of Plaintiff's home without probable cause

1  and for purposes unrelated to legitimate law enforcement purposes,
2  violated his Fourth Amendment rights.  Defendants then filed their
3  stay motion and their ex parte request for an expedited hearing on
4  that motion.
5          Plaintiff requests in his opposition to defendants' stay
6  motion, that the Court certify defendants' appeal as "frivolous" under
7  the rationale of the Ninth Circuit's decision in Chuman.  Chuman
8  authorizes a district court to certify in writing that an appeal is
9  frivolous or waived; and, if this certification issues the appeal does
10 not automatically divest the district court of jurisdiction to
11 continue the proceedings on the issues involved in the appeal.  960
12 F.2d at 105.  Plaintiff argues this certification is warranted because
13 defendants improperly seek a reversal of the qualified immunity
14 determination based upon their version of events.  Plaintiff contends
15 that to seek an interlocutory appeal, defendants must rely upon
16 plaintiff's version of events.  Defendants respond since the factual
17 disputes were not addressed in the Order, and the Order was decided
18 based upon defendants' version of events, they need not rely upon
19 plaintiff's version in their appeal.  Further, defendants argue their
20 appeal is not frivolous since "there is a colorable argument [that]
21 the law was not clearly established in the specific context facing
22 Defendants Wentz and Boyd."
23         "An appeal is frivolous if it is wholly without merit."
24 United States v. Kitsap Physicians Serv., 314 F.3d 995, 1003 n.3 (9th
25 Cir. 2002) (quoting Amwest Mortgage Corp. v. Grady, 925 F.2d 1162,
26 1165 (9th Cir. 1991)); see also In re George, 322 F.3d 586, 591 (9th
27 Cir. 2003) (stating that "[a]n appeal is frivolous if the results are
28 obvious, or the arguments of error are wholly without merit").  "This

5

1  means that the appeal must be so baseless that it does not invoke
2  appellate jurisdiction such as when the disposition is so plainly
3  correct that nothing can be said on the other side." Schering Corp.
4  v. First DataBank, Inc., No. C 07-01142 WHA, 2007 WL 1747115 at *3
5  (N.D. Cal. June 18, 2007) (quoting Apolstol v. Gallion, 870 F.2d 1335,
6  1339 (7th Cir. 1989)).

7  　　　　　The Order conclusively determined defendants' liability for
8  their warrantless entry and arrest.  Accordingly, the Order operates
9  as a final decision on defendant Wentz and Boyd's qualified immunity
10 defense on those issues.  Plaintiff, therefore, has not shown that
11 defendants' appeal is "wholly without merit."

12 　　　　　Defendants argue a stay is warranted since "[t]he filing of
13 an appeal of a summary judgment order denying qualified immunity
14 automatically stays trial and further proceedings in the district
15 court, absent certification by the district court that the [appeal]
16 was frivolous or has been waived."  (Mot. to Stay 2:25-28.)
17 Plaintiff counters a stay is not warranted since his pending motion
18 for partial summary judgment does not involve issues raised in
19 defendants' appeal.

20 　　　　　Defendants have demonstrated that plaintiff's pending motion
21 for summary judgment relies upon issues involved in defendants'
22 interlocutory appeal.  Plaintiff argues in his motion since the Order
23 concluded that defendants' entry was illegal, there was no
24 governmental interest justifying the defendants' use of force
25 following the entry.  Specifically, plaintiff asserts that "[i]n light
26 of the Court's ruling on the illegality of the entry . . . defendants
27 can cite no legitimate governmental interest in using force on
28 [plaintiff] . . . ."  (Mot. for Partial Summ. J. 16:12-13.)  Plaintiff

further argues defendants' use of force may be unreasonable and unconstitutional because their entry was unconstitutional. (Id. 16:2-6.) Plaintiff also argues that because defendants' entry was unconstitutional, "the officers' illegal actions provoked" plaintiff and they "may not claim they acted in self defense." (Id. 5:19-21.)

Since it is apparent that issues involved in defendants' appeal are also potentially involved in plaintiff's pending summary judgment motion, decision on plaintiff's motion should be deferred until after defendants' interlocutory appeal is resolved. Therefore, defendants' motion to stay is GRANTED and all proceedings in this case are STAYED pending resolution of defendants' appeal.

### III.   CONCLUSION

For the stated reasons, defendants' motion to stay is granted. This action is stayed pending resolution of defendants' interlocutory appeal to the Ninth Circuit. The pending motions for summary judgment are deemed withdrawn, and may be re-noticed for hearing after defendants' appeal is resolved. All scheduled dates are vacated; an amended pretrial scheduling order will issue after the appeal is resolved.

Dated:  February 25, 2010

GARLAND E. BURRELL, JR.
United States District Judge