PETER W. ALFERT, SBN 83139
HINTON, ALFERT, SUMNER & KAUFMANN
1646 N. California Blvd., Suite #600
Walnut Creek, California 94596
Telephone: (925) 932-6006
Facsimile: (925) 932-3412

TODD BOLEY, SBN 68119
476 Third Street,
Oakland, California 94607
Telephone: (510) 836-4500
Facsimile: (510) 649-5170

Attorneys for PLAINTIFF

JOHN R. WHITEFLEET, SBN 213301
TERRENCE J. CASSIDY, SBN 99180
PORTER SCOTT
350 University Avenue, suite 200
Sacramento, California 95825
Telephone: (916) 929-1481
Facsimile: (916) 927-3706

Attorneys for DEFENDANTS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACARIO BELEN DAGDAGAN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, VALLEJO OFFICER JOHN BOYD (ID#589), VALLEJO OFFICER J. WENTZ (ID#524), VALLEJO OFFICER SGT. J. MILLER (ID#565), and DOES 1-30,<br><br>    Defendants. | No. 2-08-CV-00922-GEB-GGH<br><br>**JOINT STATUS REPORT**<br><br>Date:        August 29, 2011<br>Time:       9:00 a.m.<br>Courtroom:  10<br>Judge:      Hon. Garland E. Burrell, Jr.<br><br>Trial Date:  None Assigned |

1 The parties have met and conferred regarding the joint status report.

2 **A. PRIOR PROCEEDINGS AND CURRENT STATUS OF LITIGATION:**

3 Plaintiff filed his complaint on May 1, 2008 alleging that defendants violated his
4 constitutional arrest when they entered his home, arrested him and obtained a search warrant to
5 search his home. In addition, plaintiff alleges that the defendants employed excessive force,
6 causing him permanent injuries.

7 On November 20, 2008, the Court issued a Status (Pretrial Scheduling) Order. That order
8 directed that discovery shall be completed by November 25, 2009, and that expert witness
9 disclosures be completed by August 25, 2009, with any rebuttal expert disclosures by September
10 25, 2009. The Order set the last hearing date for motions for January 25, 2010. The Order set the
11 trial for June 22, 2010. Subsequently, the trial date was reset to August 3, 2010 at the request of
12 defendants' counsel.

13 On September 2, 2009, plaintiff filed a motion for partial summary judgment as to liability
14 on the claim that the defendants violated the Fourth Amendment when they entered his home and
15 arrested him. Defendants opposed the plaintiff's motion and made their own countermotion for
16 summary adjudication on the ground that they were entitled to qualified immunity.

17 In an order dated November 12, 2009, the Court granted defendants' exparte application to
18 modify the pretrial schedule, ordering that expert discovery be completed by February 11, 2010
19 and setting the last hearing date for motions for March 22, 2010.

20 In an order dated January 7, 2010, the Court granted plaintiff's motion for partial summary
21 judgment and denied defendants' countermotion.

22 On January 29, 2010, the Court granted plaintiff's motion for reconsideration of Magistrate
23 Judge Hollows' order denying plaintiff's motion to compel the production of all internal affairs
24 complaints made to the Vallejo Police Department alleging excessive force or unlawful entry.

25 On January 29, 2010, defendants appealed the January 7 order denying their cross-motion
26 for summary judgment "on the issue of qualified immunity . . . arising from the entry into the
27 residence and arrest of Plaintiff, and to the extent there are issues of whether a constitutional

28

1  violation occurred as inextricably intertwined therewith."

2  On February 5, 2010, plaintiff filed a motion for summary judgment on the issue of liability
3  as to the use of a taser against plaintiff and the subsequent search of his apartment. On February
4  19, 2010, the individual defendants filed motions for summary judgment for qualified immunity.
5  The motions sought summary judgment for defendant Melville as to the claim he unlawfully
6  searched plaintiff's apartment and for defendants Boyd and Wentz as to the claim they denied
7  medical care to plaintiff.   In addition, defendant City of Vallejo moved for summary judgment as
8  to all claims under 42 U.S.C. § 1983.

9  On February 10, 2010, plaintiff filed a motion for sanctions for exclusion of an opinion of
10 defendants' expert Herbert Moskowitz, Ph.D., which was not disclosed in the expert's written
11 report.

12 In an order dated February 25, 2010, the Court granted defendants' motion to stay and
13 vacated all scheduled dates, including the August 3, 2010 trial date.  The depositions of all experts
14 were taken prior to the stay order.

15 On April 14, 2011, a panel of the Ninth Circuit issued a memorandum opinion affirming the
16 district court order denying qualified immunity.  The Ninth Circuit denied defendants' petition for
17 rehearing on June 16, 2011.  On July 26, 2011, the Ninth Circuit denied plaintiff's motion for
18 attorney's fees on appeal as premature.  The mandate of the Ninth Circuit was filed in this Court on
19 June 27, 2011.

20 **B.  ANTICIPATED MOTIONS:**

21 Plaintiff intends to re-notice the motions for summary judgment that he filed on February 5,
22 2011.  Plaintiff intends to re-notice the motion for sanctions for exclusion of an opinion of
23 defendants' expert Herbert Moskowitz, Ph.D.  Plaintiff proposes the last day for hearing law and
24 motion matters shall be October 24, 2011.

25 Defendants anticipate renewing the prior motion for summary judgment originally filed on
26 February 19, 2010.

27 The parties have agreed, subject to the Court's approval, having all motions heard on

28

1  October 24, 2011, with oppositions due on October 10 and replies due on October 17.  If the Court
2  wishes to have the matters (summary judgment motions together with motion regarding Dr.
3  Moskowitz) heard separately, the parties can agree to appropriate hearing dates and briefing
4  schedules.

5  **C.   ANTICIPATED DISCOVERY:**

6  Plaintiff did not receive the internal affairs complaints ordered to be produced by the
7  Court's order of January 29, 2011.  Plaintiff will seek immediate production of those documents.
8  Plaintiff does not object to discovery to update plaintiff's medical condition and to update
9  damages.  Plaintiff objects to his further deposition on the ground that he has been and continues to
10 be on permanent disability.  Plaintiff is willing to respond to a reasonable number of interrogatories
11 to update damages.

12 Defendants anticipate further deposition of Plaintiff on the issue of updated damages,
13 updating the medical records on the plaintiff via subpoena to providers, and updated depositions of
14 the appropriate experts of Plaintiff on damages, if necessary.  Defendants anticipate compliance
15 with the discovery order dated January 29, 2011.  The scope of the depositions will be limited to
16 the issue of updated damages.

17 Plaintiff proposes a deadline September 31, 2011 to conduct depositions of any experts
18 previously deposed.

19 Defendants propose February 29, 2012, to allow sufficient time to obtain updated records,
20 and allow for ordinary difficulty in scheduling physicians for depositions

21 **D.   TRIAL DATE:**

22 Plaintiff requests that the trial be set for earliest possible date on the Court's calendar.
23 Plaintiff's counsel is unavailable as follows:
24  September 6, 2011 Hayden v. Glock (Santa Clara Superior Court)
25  September 26, 2011 Philpot v. Gipson (Tulare Superior Court)
26  June 1, 2011 Cahill v Iron Mountain (Contra Costa Superior Court)
27 Defendants submit that given the anticipated remaining dispositive motions, discovery to be
28

Case No.2:08-CV-00922-GEB-GGH                                                    JOINT STATUS REPORT

-4-

conducted on updated damages, as well as trail calendar of counsel, the earliest trial date appears to be no sooner than late August 2012.  Defendants' counsel are on vacation late July/early August 2012, and are in trial on other matters the following estimated dates: 9/27/11-10/3/11; 1/17/12 to 1/24/12; 2/7/12 to 2/17/12; 3/26/12 to 4/13/12; 5/8/12 to 5/25/12; 12/3/12 to 12/12/12; 7/16/13 to 7/29/13.

The parties estimate that the trial will take 10 court days.

**E.    SETTLEMENT AND VOLUNTARY DISPUTE RESOLUTION PROGRAM:**

The parties will utilize the mediation services of Judge Raul Ramirez who is familiar with the case, who was used during the Ninth Circuit mediation program.  In addition, Defendants are willing to have a settlement conference before a judge, other than those previously assigned to the matter.

DATED: August 15, 2011                                    HINTON ALFERT SUMNER & KAUFMANN

By: ____/s/ Peter W. Alfert_____
     PETER W. ALFERT
     Attorneys for Plaintiff

DATED:  August 15, 2011                                    PORTER SCOTT

By ____/s/ John R. Whitefleet_____
     JOHN R. WHITEFLEET
     TERRENCE J. CASSIDY
     Attorneys for Plaintiff