IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCARIO BELEN DAGDAGAN,

    Plaintiff,                      No. 2:08-cv-00922 GEB KJN

    v.

CITY OF VALLEJO, et al.,

    Defendants.                ORDER
_____/

Presently before the court is plaintiff's motion for the imposition of a sanction against defendants pursuant to Federal Rule of Civil Procedure 37(c)(1), which seeks an order precluding one of defendants' expert witnesses, Herbert Moskovitz, Ph.D., from testifying at trial[1] regarding an expert opinion provided by Dr. Moskovitz during his deposition that was not previously disclosed in Dr. Moskovitz's expert report (Dkt. No. 85).[2] Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b). And for the reasons stated below,

---

[1] The sanction requested by plaintiff is limited to the exclusion of testimony at trial. Accordingly, this motion has no apparent impact on the pending cross-motions for summary judgment (see Dkt. Nos. 86-87).

[2] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

plaintiff's motion is denied without prejudice to filing a motion in limine before the district judge who will preside over any trial in this case.

In short, plaintiff's motion centers on the expert opinions offered by Dr. Moskovitz in his expert report and a new opinion disclosed by Dr. Moskovitz at his subsequent deposition. Plaintiff represents that defendants disclosed Dr. Moskovitz as an expert witness and served Dr. Moskovitz's expert report on plaintiff on August 25, 2009. (Alfert Decl. ¶ 2, Dkt. No. 69, Doc. No. 69-2.) Plaintiff further contends that her counsel took Dr. Moskovitz's deposition on December 9, 2009, and that Dr. Moskovitz provided a previously undisclosed expert opinion, along with ten previously undisclosed supporting scientific articles, during his deposition. (See id. ¶¶ 4-6.) At issue is "Dr. Moskovitz's opinion relating to the effect of alcohol on the body's ability to respond to physical trauma." (See Am. Notice of Pl.'s Mot. for Sanctions at 2, Dkt. No. 85.) Plaintiff's counsel asserts that he received no notice of Dr. Moskovitz's new opinion or the supporting documentation prior to the deposition. (Alfert Decl. ¶ 6.) He also represents that plaintiff was unable to retain a rebuttal expert in advance of Dr. Moskovitz's deposition in order to prepare an effective cross-examination, and that plaintiff was unable to retain a rebuttal expert following the deposition because the expert rebuttal disclosure deadline had already passed.[3] (Id. ¶ 7.)

For the purpose of this motion, defendants do not materially disagree with the above-stated facts but contend that: (1) the undersigned magistrate judge lacks jurisdiction to hear plaintiff's Rule 37 motion for sanctions; and (2) defendants' omission was "harmless." (Defs.' Opp'n at 2-4, Dkt. No. 90.) Contrary to defendants' contention that no authority exists to

---

[3] The original scheduling order in this case required that all discovery be completed on or before November 25, 2009, that initial expert witness disclosures be made on or before August 25, 2009, and that rebuttal expert disclosures be made on or before September 25, 2009. (Status (Pretrial Scheduling Order, Nov. 20, 2008, at 2, Dkt. No. 19.) The expert discovery deadline was subsequently continued to February 11, 2010. (Order, Nov. 11, 2009, at 1, Dkt. No. 52.) Following the lifting of a stay in this case, the district judge assigned to this matter, entered a supplemental scheduling order. (Suppl. Status (Pretrial Scheduling) Order, Aug. 26, 2011, Dkt. No. 84.)

permit the undersigned to consider the pending motion, this court's Local Rule 302(c)(1) expressly provides that the magistrate judges of this court may hear "[a]ll discovery motions, including Fed. R. Civ. P. 37 motions." Accordingly, the undersigned may hear the pending motion.

Nevertheless, the undersigned concludes that it would be more appropriate for plaintiff's motion to be heard by the trial judge, United States District Judge Garland E. Burrell, Jr., as a motion in limine because the motion concerns the exclusion of testimony at trial. Because the parties have not consented to the jurisdiction of the magistrate judge for trial, the trial in this case, if any, shall take place before Judge Burrell. Accordingly, as a matter of prudence, the undersigned denies plaintiff's motion without prejudice.

At an appropriate time in advance of trial, plaintiff may file a motion in limine seeking to preclude Dr. Moskovitz from testifying in regards to the late-disclosed opinion referenced above and in the moving papers.[4] Although resolution of such a motion is entirely within Judge Burrell's discretion, it may be relevant to such a motion or any request for alternative sanctions made at that time whether plaintiff took steps to seek modification of the supplemental scheduling order in this case to lessen the effects of the prejudice caused by defendants' error, and whether defendants cooperated with plaintiff to lessen the effects of such prejudice. The parties potentially have time to mitigate such prejudice given that the final pretrial conference in this case is presently set for April 9, 2012. (Suppl. Status (Pretrial Scheduling) Order, Aug. 26, 2011, at 2.)

////
////
////
////

---

[4] In filing such a motion, plaintiff is not precluded from seeking alternative sanctions as provided in Federal Rule of Civil Procedure 37(c)(1).

1  For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for
2  sanctions (Dkt. No. 85) is denied without prejudice.
3  IT IS SO ORDERED.
4  DATED: October 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE